**MARY H. RAMSOUR, Ex'trix, of A. A. RAMSOUR v. L. E. THOMPSON and WM. RAMSOUR, Ex'rs of JACOB RAMSOUR.**

Where a testator was the surety for his son in an amount greater than the value of said son's interest in said estate: *Held*, that the son is not entitled to recover from the Executors of his father his distributive share of said estate, although the Executors of the father do not pay off the surety debt till after action brought by the son.

*Mizzell* v. *Moore*, 7 Ire. 255; *Allen* v. *Smitherman*, 6 Ire. E. 341; *Iredell* v. *Langston*, 1 Dev. E. 392, cited and approved.

Civil action, tried upon a case agreed before *Logan, J.,* at Spring Term, 1871, of LINCOLN Superior Court.

RAMSOUR, EX'TRIX *v.* THOMPSON AND RAMSOUR, EX'RS.

The action was brought returnable to Fall Term, 1869, to recover from the defendants, who are the executors of Jacob Ramsour, deceased, the distributive share of said estate due to the plaintiff, as the executor of A. A. Ramsour, deceased, who was one of the next of kin and legatees of the defendants' testator. It is admitted that the estate of A. A. Ramsour is insolvent, and that the plaintiff has already confessed judgment as executrix to an amount beyond the value of the estate including the distributive share due him from the estate of defendants' testator.

It is also admitted that the defendants' testator was the surety of his son, the plaintiff's testator, in an amount beyond the value of the son's interest in an estate; and that at Spring Term, 1870, of Lincoln Superior Court, a judgment *quando* was taken against the plaintiff, and an absolute judgment against the defendants, as executors, on the note where their testator, was the surety of his son, and that it was paid off by defendants in March, 1871. It is also admitted that the amount thus paid by defendants is an amount greater than the distributive share of plaintiff's testator.

The Court, upon consideration of the foregoing facts, adjudged that plaintiff's testator was entitled to recover the amount of the distributive share due decedent, tc-wit, the sum of $479.54, from which defendants appealed.

*Battle & Sons*, for plaintiff.
*Bragg & Strong* and *Rogers & Batchelor*, for defendants.

BOYDEN, J. The plaintiff in the action is the executrix of A. A. Ramsour, who was the son of the testator of defendants; and the object of this suit is to recover of the defendants the distributive share of plaintiff's testator in his father's estate. The testator of defendants was the surety for plaintiff's testator, in a sum greater in amount than his distributive share in his

father's estate ; but the debt, for which the father was surety, was outstanding and unpaid at the time of the commencement of this action, but has since been discharged by the defendants, and that before the account in this case was closed.

It is also stated as a part of the case, that the estate of plaintiff's testator is insolvent; and that his whole estate is already exhausted, and that plaintiff has permitted judgments to be taken against her, sufficient to cover all the estate in the hands of plaintiff, or that will come to her hands, even should the plaintiff recover the sum, that would now be due her, had her testator himself paid this debt, which has been paid by the defendants ; and it is insisted on the part of the plaintiff, that this debt cannot be allowed the defendants, because it was paid since the institution of this action ; and the case of *Mizell* v. *Moore*, 7 Ire., 255, is cited as authority for this position.

It is true, under our old system in an action at law, this debt would not be a legal set-off, as it had not been paid, and was not then due the defendants.

But it will be recollected that under our former system, the plaintiff could not have instituted a suit at law for the recovery of this distributive share.  Plaintiff's testator must have filed his bill or petition in Equity ; and in taking an account in such suit, this sum paid by defendants would have been allowed as far as it would go, in payment of the distributive share of his father's estate ; and even if this debt had not been actually paid, before the account was closed, yet if it had appeared as in this case, that the estate of plaintiff's testator was insolvent, the Court of Equity would have compelled the plaintiff to have deducted this debt from the amount of his distributive share. *Jeff's.* v *Woods*, 2 Peere Williams ; *Allen* v. *Smitherman*, 6 Ire. Eq. 341, 5 Mall Rep. 32 ; *Iredell* v. *Langston*, 1 Dev. Eq. 392.

Upon what principle of Equity (and this action is to be governed by the rules of Equity) can it be insisted, that the plaintiff should be permitted to recover money out of the

creditor, who has it in hand, for the purpose of paying it over to another no more meritorious than the defendant? *Qui prior est in tempore potior in jure.*

Error. Judgment reversed, and judgment for defendants.

PER CURIAM.                                    Judgment reversed.