CASE 34—PETITION EQUITY—MARCH 29.

## Taylor, &c v. Jones, &c.

APPEAL FROM CLARK CIRCUIT COURT-

1. INDEBTEDNESS OF DEVISEE TO TESTATOR'S ESTATE.—Where a testator devised his entire estate to his widow for life, remainder to his six children, authorizing the widow to give any child immediate possession of so much of the estate as she might see fit, not to exceed one-sixth to any child, and requiring each child to account in the final division of the estate for what he had received from the widow in the exercise of this power, the testator being liable as surety for one of his sons, the other children had the right to require that that son's interest should be subjected to the payment of the debt for which the testator was bound as his surety. It was, therefore, error to require that debt to be paid out of the general estate of the testator and then to set apart one-sixth of the estate, after the payment of debts, as the share of the son who was primarily liable for that debt, and direct the payment of that share to his assignee, he having made an assignment for the benefit of his creditors. That part of the estate subjected to the payment of this debt should be treated as an advancement made by the widow to the son who was primarily liable for the debt,and he can have no further interest to be subjected by his creditors, the part of the estate thus subjected amounting to one-sixth of the whole.

2. ASSIGNEE FOR CREDITORS NOT A BONA FIDE PURCHASER.—Neither the assignee nor the creditors under a deed of assignment are bona fide purchasers for value within the meaning of sec. 2087 of the Kentucky Statutes, which provides that estate aliened by the heir or devisee before suit brought shall not be liable to creditors in the hands of a bona fide purchaser for value unless suit is instituted within six months.

BRONSTON & ALLEN FOR APPELLANTS.

The share of Roger Jones, Jr., in the real estate of the testator should be first applied to the payment of the debt he owes the estate. (Brown's Admr. v. Mattingly, 12 Ky. Law Rep., 869; S. C. 91 Ky., 275; Waterman on Set-off., 234.)

H. M. BUFORD FOR APPELLEE.

No brief in record.

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

The question made on this appeal involves the interest of Roger W. Jones and his assignee in his father, Roger Jones' estate, and involves a construction of the will of the father which has once before been in this court for consideration, and the record then made being part of this same suit is now considered in this case. That portion of the will of Roger Jones pertaining to the controversy reads as follows:

"I will and devise all my property of every kind and description, real, personal, and mixed, unto my beloved wife, Lucy M. Jones, in trust, to be by her managed and controlled during her natural life, for the joint benefit of herself and my six children (naming them) with power in my wife to give immediate title and possession of such portion of any of said property as she may think fit, to any one or all of said children, at such time or times as she may think fit. *Provided*, the portion given to any one of said children shall in no event exceed in value one-sixth of my entire estate; and at the death of my said wife, I desire that each of my six children have an equal share of my entire estate, taking into consideration the value of what any one may have received from my said wife by virtue of the power herein conferred upon her.

"Should any one of my children to whom a portion of my property shall have been given in the exercise of the power conferred upon my said wife, die before the age of twenty-one years, and without issue, I will that the property so given to him or her shall revert to my said wife to be held and controlled by her in the manner and subject to the restrictions and limitations and power under which it was

held before it was so given. At the death of my wife the said property to be divided equally among my surviving children as herein provided."

Under this will, on former appeal, this court held that the wife, Lucy M. Jones, took a life estate in the whole of said property with right to use and enjoy the rents and profits of the realty. By a further clause, "the decedent appointed his wife the sole executrix of his estate without bond."

This will was written in 1889. The testator died some time in the summer of 1890 and his will was duly probated by the county court in Clark county, the same being the county of his residence, on the 25th of August, 1890. Previous to the time of the testator's death, he became surety for his son, Roger W. Jones, to the Clark County National Bank in the sum of six thousand dollars or more. In April, 1891, two of the heirs and devisees of decedent, Roger Jones, filed their suit in the Clark Circuit Court against Mrs. Lucy M. Jones, the widow and executrix of said estate, the other heirs and devisees, and the Clark County National Bank, setting up the fact hereinbefore recited, of the liability of the estate to the bank for some six thousand dollars for and as the surety of his son, Roger W. Jones; setting out some other debts and praying for a settlement of the estate and for an equitable adjustment of the same with reference to the several heirs; setting out also that the estate was liable as the surety of another heir, Thomas Jones, for some $2,400, and alleging the insolvency of the personal estate to pay its liabilities, but affirming the liability of the several interests of Thomas Jones and Roger W. Jones to be first sold to pay the several sums for which decedent's estate was liable, and praying for all other general and proper relief.

In July, 1891, Roger W. Jones, the son, becoming insolvent, made his deed of assignment of all his property for the benefit of all his creditors, both he and his assignee being made parties to this suit.    Finally there was presented to the court for decision on the pleadings, the question as to the interest of Roger W. Jones in his father's estate, and whether that interest should be first sold to pay the debts for which his father, Roger Jones, was liable to the bank aforesaid, as surety, and then exhaust the interest of Roger W. Jones in his father's estate, or whether his father's estate generally should first be compelled to pay this debt to the bank, and then turn over to the assignee of Roger W. Jones still a full sixth in the remainder of the estate of decedent.    And on this question the lower court decided in favor of the assignee of Roger W. Jones' estate, and having taken proof of the debts against decedent's estate, including this six thousand dollars due to the bank as surety for Roger W. Jones, rendered a decree for a sale of so much of the land of decedent as would be sufficient to pay same, interest and cost; and also declared and adjudged that after this was done the assignee of Roger W. Jones was entitled to one-sixth of the remainder of decedent's estate, of every kind.    Of this judgment the other heirs and devisees of Roger Jones complain and prosecute this appeal.

In that judgment we think the court below in error. Without reciting again the clauses in the will of Roger Jones, deceased, it will be observed that he groups his whole property, real, personal and mixed, together, and speaks of it and devises it as one estate, not leaving it severable as real estate, and personal estate, which, under our statutes, in case of an intestate, would go, the realty to the heir-at-law, and the personalty to the legal representative for adminis-

tration, after which the surplus only would go to the heirs.

It further is manifest by the several provisions of the will that the leading intent and purpose in the mind of the testator was to declare and to preserve, in any contingency, perfect equality between his several children; and that while authorizing the wife to pass the immediate title and possession of any part of the estate to any one or more of his several children, yet providing that in no event should the amount so given off or set apart by his wife exceed in value one-sixth part of his estate. And again, providing that, after the death of his wife, this same equality should be maintained in the distribution between his children, and specially saying "that this division should be by taking into consideration the value of whatever estate any one (of my children) may have received from my wife, by virtue of this power, herein conferred upon her." *Equality* being the leading idea in the mind of the testator, and making each heir in the final distribution of his estate account for whatever his wife may have given off to each, we deem it immaterial whether this advancement to any one heir was made voluntarily by the wife under or by virtue of this power, or whether she was compelled under the law and by the decree in this case to pay the debts of any one of the heirs (as Roger W. Jones) to the full interest of such heir in the estate. When that is once reached in either mode, then the will of the testator prohibits any further interest being given, and, by necessary implication, being taken by law for any purpose, under any title or claim against Roger W. Jones. The limit has been reached when he receives, either voluntarily or when his creditors exhaust, his one-sixth interest in the estate of his father. Having imposed this legal obligation on his father's estate by obtaining his signature to his debts as his security, which debts he leaves

unpaid, and to be paid by his father's estate, and to an amount equal to or exceeding one-sixth of said estate, he has nothing left to pass, by assignment or otherwise, to his creditors. Having no equitable claim on his father's estate for anything further, he can pass nothing by his deed of assignment to his assignee.

This we regard as the true equitable rule, and this court so announced in the case of Brown's Adm'r v. Mattingly, 91 Ky., 275; and we would be gratified could it always be enforced in settlement and distribution of every decedent's estate, though we recognize the fact that the courts in Kentucky sometimes find themselves embarrassed by the provisions of the Kentucky Statutes, sec. 2087, being but a re-enactment of former statutes, wherein it is provided "that when the heir or devisee shall *alien, before suit brought,* the estate descended or devised, he shall be liable for the value thereof, with legal interest, from the time of alienation, to the creditors of the decedent or testator; but the estate so aliened shall not be liable to the creditors in the hands of a *bona fide* purchaser for a valuable consideration, unless suit is instituted within six months after the estate is devised or descended to subject the same."

The objections to allowing anything to pass in this case by the assignment of Roger W. Jones to his assignee, as against an equity in his father's estate, under this statute are, first, that suit was already filed and was pending for the settlement of his father's estate, involving the subjection of his one-sixth interest in said estate to the relief of the other heirs of said estate. And, secondly, neither an assignee nor the creditors under a deed of assignment are *bona fide* purchasers for a valuable consideration. They have at most an equity, and in this case manifestly inferior to the equity

of the other heirs and devisees of Roger Jones, deceased. Wherefore it is adjudged that so much of the judgment of the Clark Circuit Court rendered on the 16th day of March, 1893, as declared that after the payment of the debts filed and adjudged against the estate of Roger Jones, including this bank debt for his son, then there shall be set apart to the assignee of Roger W. Jones for the payment of his debts, under his deed of assignment, one-sixth of the remainder of said estate, is hereby reversed and set aside.

And this cause is remanded to said court for further proceedings consistent with this opinion.