JACOB M. HASKELL, trustee, & others, *vs.* JOHN P. HILL & others.

Suffolk.   December 4, 1896. — September 9, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Assignment in Trust for Benefit of Creditors — Construction of Assent — " Security " — Executor and Trustee.*

A. made an assignment of his property in trust for the benefit of his creditors, which provided for their assent thereto. The executors of the will of A.'s father had, as authorized by the will, lent money of the estate to A., and held, as evidence of the loans, two promissory notes, one being the personal note of A. and the other the note of a firm composed of A. and B. and indorsed by A. before delivery ; and the executors assented to the assignment as follows : " We signify our assent to the terms of said assignment as creditors of said A., expressly reserving all rights and remedies against any and all persons liable on our claim as maker, indorser, guarantor, or otherwise." *Held,* that the assent of the executors was to be construed as showing their intention to release A., but to reserve their rights against B. and to any security which they had.

A. made an assignment of his property in trust for the benefit of his creditors, which provided that, if any creditor held security which under the insolvency law would be applicable to his claim, he should be entitled to a dividend on only so much as might remain after deducting from it the proceeds received from a sale of the security. By the will of A.'s father, he became entitled on its final distribution to one third of the estate, which was held in trust under the will; and the estate was inventoried at more than $20,000. The will authorized the executor to loan to A. a sum not exceeding an amount named, " such sum so loaned . . . with interest thereon not paid upon the final distribution of my estate, to be deducted from his share thereof "; and nominated the executor as trustee also, and authorized the trustee to continue the loans. The executor, who had not been appointed trustee by the Probate Court, lent certain sums to A., with the knowledge and consent of all parties interested in the estate, and took promissory notes of A. therefor. *Held,* that the lien which the executor, by such loans, acquired on A.'s interest in his father's estate was " security "

on the estate of A. within the meaning of the insolvency law ; and that whether the executor acted as such in matters pertaining to the loans, or as trustee, was immaterial.

BILL IN EQUITY, filed in the Superior Court on August 28, 1895, by Jacob M. Haskell, trustee for the benefit of certain creditors of John P. Hill, and said Haskell, Charles H. Adams, and Albert C. Manson, copartners under the firm name of Haskell, Adams, and Company, against John P. Hill, Hannah C. Hill, and Mary J. Morgan, individually and as executors of the will of S. Prentiss Hill, to obtain instructions as to whether the plaintiff trustee should recognize the defendants or any of them, individually or as such executors, as creditors, and if so, to what amount, and whether he should pay them a dividend.

The following facts, among others, were agreed. On August 6, 1894, the defendant John P. Hill made an assignment under seal of all his property to the plaintiff Haskell, in trust to convert the same into cash and apply the proceeds to the payment of his debts. The instrument provided for the assent of creditors thereto; that any creditors who held any notes, debts, or accounts against the debtor, " which are guaranteed or indorsed by any other party or parties, or for which any other party or parties are liable as sureties, guarantors, or otherwise, do hereby expressly reserve all rights and remedies against such sureties, guarantors, indorsers, and persons so liable " ; and that no creditor " holding security shall or does hereby release or impair or in any manner affect his right to such security ; but if the security is applicable under the insolvency laws of said Commonwealth to the payment of the claim or debt by it secured, the creditor or creditors who are or shall become parties to this agreement, holding such security, shall receive and be entitled to dividends on only so much of the claim or debt as remains after deducting from it the amount received from a sale of such security."

The property assigned to the trustee consisted of merchandise in a store in Boston, and the fixtures and horses and wagons used in connection therewith, and the accounts receivable of the business, all of which the trustee has converted into cash, and the gross proceeds of which amount to about $3,100, and also whatever interest, if any, John P. Hill had in the estate of S. Prentiss

Hill, deceased. The defendants are the executors of the will of
S. Prentiss Hill, which was duly probated on May 4, 1888, and
which provided that, after the payment of certain legacies, the
residue of the estate was to be held in trust for the purposes set
forth therein, and upon the termination of the trust the balance
of the estate was to be divided equally among the three children
of the testator, one of whom was John P. Hill; and further pro-
vided as follows : " I authorize my executors to loan to each of
such partners," of whom John P. Hill was one, " such sums, not
exceeding four thousand dollars to each, as may in the opinion
of such executors be necessary to continue said business, such
sum so loaned to said John P. Hill, with interest thereon not
paid upon the final distribution of my estate, to be deducted from
his share thereof ; . . . and in case said trustees deem it expe-
dient to continue said loans from said trust estate, they may do
so upon such terms and conditions as they deem proper " ; and
appointed Hannah C. Hill, Mary J. Morgan, and John P. Hill
executors and trustees.

The assets of the estate, according to the inventory filed by
the executors, aggregated $20,583.32, and there were no debts.

The defendants, as executors of the will of S. Prentiss Hill,
loaned to John P. Hill in his individual capacity the amounts
and at the time stated in two promissory notes, each dated Sep-
tember 16, 1890, and payable on demand to the defendants as
executors, the first for $473.80, and signed by John P. Hill, and
the second for $9,077.72, signed by " S. Prentiss Hill & Co."
(then composed of John P. Hill and one Crown), and indorsed
as follows : " Waiving demand and notice, John P. Hill." This
indorsement was signed on the back of the note before its deliv-
ery to the executors.

The interest on the loans was regularly paid to the executors
by John P. Hill to June 1, 1894. No part of the principal of
the loans had been paid at the date af the assignment.

John P. Hill, one of the executors of the will of S. Prentiss
Hill, John P. Hill of the firm of S. Prentiss Hill and Company,
and John P. Hill whose individual name appears on the notes, are
one and the same person.

Within sixty days from the date of the assignment, the de-
fendants, as such executors, filed with Haskell copies of the

notes and their assent to the assignment in the following form, and in no other way have they assented or become parties to the assignment : " Whereas John P. Hill of Boston, Mass., on the sixth day of August, A. D. 1894, made an assignment to Jacob M. Haskell of Boston, Mass., for the benefit of the creditors of said Hill, — Now therefore we the undersigned signify our assent to the terms of said assignment as creditors of said Hill, expressly reserving all rights and remedies against any and all persons liable on our claim as maker, indorser, guarantor, or otherwise. Our said claims consist of two promissory notes, copies of which are hereto annexed."

The Superior Court entered a decree, providing as follows : " The assent to the assignment reserves to the executors the right to deduct the indebtedness owing them from defendant John P. Hill from the assets that may come to said Hill under the will of S. Prentiss Hill, and is not such an assent as should have been made by them to the assignment in order to entitle them to share in the assets in the hands of the plaintiff trustee. The plaintiff trustee is instructed not to recognize the defendants as creditors in the distribution of the trust fund."

The defendants appealed to this court.

*G. F. Piper*, for the defendants.

*G. C. Abbott*, for the plaintiffs, submitted the case on a brief.

MORTON, J. The first question relates to the construction of the written assent given by the executors to the assignment. Taken literally, the assent would seem to be of no effect. It signifies the agreement of the executors to the assignment, and yet reserves all their rights and remedies against any person liable as maker, indorser, guarantor, or otherwise, on the notes which they hold. These things would appear to be inconsistent with each other. That the executors intended their assent to be effectual, however, would seem to be evident from the fact that they assented at all. They were not required to assent unless they intended to agree to the assignment. Nothing appears from the assignment itself, or from the facts in the case, to show that it was improper for them to assent to it, or that they had no right to assent. And we think that the more natural construction of the writing is that the executors intended to release Hill, but meant to reserve their rights against Crown,

who was liable as a member of the firm of S. Prentiss Hill and Company on the larger note, and to any security which they had, and that for that purpose they adopted in a slightly modified form, and not with entire accuracy, language found in the assignment.

The assent being sufficient, the remaining question is what amount, if any, the executors are entitled to prove against the estate in the hands of the assignees. The assignment provides in substance, amongst other things, that, if any creditor holds security, which under the insolvency laws of this Commonwealth would be applicable to his claim, he shall be entitled to a dividend on only so much as may remain after deducting from it the proceeds received from a sale of the security. By the will of S. Prentiss Hill, the father of the defendant Hill, the latter became entitled on its final distribution to one third of the estate disposed of by the will. The agreed facts find that the estate was inventoried at upwards of $20,000. It safely may be assumed, therefore, that the interest of the defendant Hill in the estate was worth several thousand dollars. By the will the executors were authorized " to loan " to the defendant Hill " not exceeding four thousand dollars, . . . such sum so loaned to said John P. Hill, with interest thereon not paid upon the final distribution of my estate, to be deducted from his share thereof." The sums represented by the notes which the executors hold against the defendant Hill were a part of the estate, and were lent to him by the executors with the knowledge and consent of all parties interested in the estate, and presumably with the understanding on the part of the defendant Hill that the will gave the executors the right to deduct the sums thus lent from his share of the estate on its final distribution, and that they were to exercise this right. We think that the lien which the executors thus acquired on his interest in the estate of S. Prentiss Hill is security on the estate of the debtor, within the meaning of the insolvency laws of this Commonwealth. It is, in effect, a right on their part to set off against his share, on the final distribution of the estate, the amount due from him to it on account of money lent by them to him, and though he could not set off against the notes the share which ultimately might be coming to him if suit were brought against him on them before

the estate was ready for distribution, we think that that fact cannot prevent the lien which the executors have on his share of the estate from being regarded as security for the payment of the notes.  The value of his interest can be determined by a sale of it, or in such manner as the parties agree, or otherwise if they are unable to agree.

The will was probated in 1888.   The same persons are named in it as executors and trustees.   So far as appears, the executors have not rendered their final account, nor been appointed trustees by the Probate Court.   By the will the trustees are authorized to continue the loans.   Whether the executors act as such in regard to matters pertaining to the loans, or as trustees, would seem to be immaterial.   In default of any appointment of trustees by the Probate Court it devolves upon the executors to carry out the trusts created by the will.   *Jones* v. *Atchison, Topeka, & Santa Fé Railroad*, 150 Mass. 304.   *Smith* v. *Fellows*, 131 Mass. 20.

We think, therefore, that the decree of the Superior Court should be modified so as to permit the executors, if they desire, to prove the balance, if any, which will remain due on the notes after deducting therefrom what may be realized from the security which they have.                                   *So ordered.*