Crew, J.
On the seventh day of September, 1898, letters of administration on the estate of Michael Lambright deceased were by the probate court of Wyandot county, Ohio, duly issued to the plaintiff in error, Frank Lambright — a son of decedent — who thereupon accepted said trust and duly qualified as administrator of said estate. At the time of his appointment and qualification as such administrator, Frank Lambright was insolvent. It is admitted on the record, that Michael Lambright at the time of his death was liable as surety for his son Frank Lambright on certain obligations then outstanding and unpaid, in the sum of $1,137.18 and that these several obligations, on which Michael Lambright was surety, were afterwards paid off and satisfied by Frank Lambright as administrator, out of‘the funds of the estate of said Michael Lambright. On January 30, 1899, Frank Lambright as administrator filed in the probate court of Wyandot county his first partial account. In this account he charged himself with cash received to the amount of $7,919.37 and claimed credit for sundry disbursements made by him amounting to $6,588.82, leaving in his hands for distribution, as shown by this account, $1,330.55. He did not in this account charge himself with, or account for the $1,137.18, his debt to the estate, which had been paid by him out of the funds of the estate, although he claimed and was allowed by the probate court a credit for the amount so paid. In addition to this credit of $1,137.18, said administrator claimed and was allowed, in said account, further credits as follows: “To amount paid Frank Lam-bright bn his claim as per order of Probate Court, $654.17.” “To amount paid Frank Lambright, administrator’s commission, $273.40.” “To amount *201 paid Frank Lambright for expenses, $25.00,” and to amount paid Frank Lambright on his distributive share $178.00. Thus it will be seen that out of the above sum of $7,919.37 cash actually received by him and with which he charges himself in said account, Frank Lambright retained or paid to himself out of the moneys of the estate, the sum of $1,130.57. No exceptions having been filed thereto this account was approved and settled by the probate court March 6, 1899. January 14, 1901, said administrator filed a second account which was approved and confirmed February 4, 1901, no exceptions at that time having been filed thereto. Thereafter, and within eight months, to-wit, on March 7, 1901, the defendants in error, as heirs at law of Michael Lambright, deceased, filed in the probate court of Wyandot county their exceptions to said account, alleging therein among other grounds of exception the following: “There is manifest error in said account, said administrator has not embraced in his inventory or returned as assets the sum of $1,137.18 due from him to the estate.” Hpon the hearing, this exception was sustained by the probate court, and thereupon, at his request, leave was given the administrator, Frank Lambright, to file a supplemental account. Thereafter, on March 19, 1901, he filed what he denominated a “supplemental and final” account, charging himself therein _ with said sum of $1,137.18, omitted from his former account. This supplemental account was, without exception or objection from the administrator, approved, confirmed and settled by the probate court on May 13, 1901, and said administrator was ordered to distribute according to law, the balance in his hands belonging to said estate, amounting to *202 $1,283.26. On February 25, 1902, said administrator filed another account which he entitled “final account,” in which he charged himself as follows: “To amount received from William Lambright on account, due said estate since last account herein was filed $10.00.” And then, for the purpose of procuring the correction of an alleged mistake in his supplemental account filed March 19, 1901, he appended the following statement:
“Said administrator in justice to his sureties on his bond, here makes an explanation and correction in the item of $1,137.18 charged to him in his supplemental account herein filed on the nineteenth day of March, 1901, the explanation of which was given in his first account filed herein, but omitted by mistake and inadvertence in said supplemental account. Said explanation more fully stated is as follows: Said decedent, Michael Lambright, at the time of his death, was jointly and severally liable with the said Frank Lambright in the sum of $1,137.18, which sum this administrator did not owe the estate at the time of the decedent’s death nor at the time he qualified by giving bond as such administrator; and which sum for that reason did not become assets of said estate for which his said sureties were or are liable.
“Said Frank Lambright, as such administrator, should have charged himself in said supplemental account with the balance as shown, by said supplemental *203 account, to-wit: $1,283.26, less the said sum of $1,137.18 which difference is here charged, to-wit: . $146 08
“Total amount for which said administrator and his bondsmen as such are liable less the credits hereinafter claimed, $156 08
‘ ‘ Said Frank Lambright was at the time of the death of said decedent and has ever since that time remained, and now is, insolvent; and is unable to pay the said joint indebtedness of said decedent and himself. * * *
“Frank Lambright owes said estate the sum of $1,137.18 which sum was paid by the administrator on claims upon which the said Michael Lambright was surety for him, the said Frank Lambright is wholly insolvent. This item is the item charged to said administrator in his supplemental account filed March 19, 1901.”
To this account exceptions were filed by the defendants in error which were sustained by the probate court, and said administrator was held to be properly charged in his supplemental account with said item of $1,137.18. An appeal was taken by the administrator to the court of common pleas, where, on the hearing of said exceptions it was found and adjudged by that court, “that said account is in all respects correct and according to law; that as stated therein, a mistake or error was made in said executor’s account immediately preceding this account, designated as a “Supplemental Account,” in the sum of $1,137.18; that said sum represents a debt owing by said executor to said estate, but that *204 said debt from him to such estate did not exist at the time he qualified by giving bond as such executor; that such debt accrued by reason of his having paid debts out of the funds of the estate for which the estate was liable as surety for him; that at the time of making such payments, he was and ever since has been insolvent and wholly unable to pay such debts, that said sum of $1,137.18, should not have been charged against said executor as money in his hands in said Supplemental Account, and that the exceptions to this account should be overruled, to which the exceptors then and there excepted. ’ ’
Error was prosecuted to the circuit court where the finding and judgment of the court of common pleas was reversed. And the circuit court proceeding to render such judgment as the court of common pleas should have rendered, found from the undisputed facts that said Frank Lambright as administrator, should be charged with said sum of $1,137.18 and rendered judgment accordingly. To obtain a reversal of this judgment of the circuit court the administrator brings the present proceeding in error.
The record in this case, upon the facts stated, presents for our consideration the question, whether or not Frank Lambright as administrator, was properly charged by the circuit court with the item of $1,137.18 as assets in his hands to be accounted for and distributed by him according to law.
It is conceded to be the general rule, tlqat the indebtedness of a legatee or distributee constitutes assets of the estate which it is the duty of the executor or administrator to collect, whether such *205 .legatee or distributee was indebted to decedent before his death, or became indebted to the estate thereafter. It is however, in the present ease, contended by counsel for plaintiff in error, that inasmuch as Frank Lambright at the time of his appointment and qualification as administrator of his father’s estate, was not then actually indebted to said estate, but only became debtor thereto, in the manner above stated, after his appointment as administrator, that therefore, he being then insolvent, such indebtedness did not become an asset of the estate in his hands to be accounted for by him .as so much cash received, and may not properly be so charged against him and that to so charge him, would work injustice and operate as a fraud on the sureties upon his administration bond. How much of force and reason there might be in this claim, if the administrator were not himself a beneficiary and distributee of Michael Lambright’s estate to an amount equal to or exceeding the amount owing by him to said estate, we need not determine. It is undeniably the law of Ohio that an administrator or executor has the right and it is his duty, in the due administration of his trust, to retain out of the distributive share of an heir or legatee, and to hold and set off against the claim of a creditor indebted to the estate, an amount, — if so much there be, as shall equal the indebtedness of such heir, legatee or creditor to the estate; and this right and duty exists whether the heir, legatee or creditor was indebted to decedent at the time of his death or contracted a liability to the estate thereafter, in either event the right of the heir or legatee to participate in the distribution of the estate, or of the creditor to be paid his claim, is subject and subordinate to the debt of *206 such distributee or creditor to the estate, and the latter, in so far as there are assets in the hands of the administrator applicable thereto, must first be paid and satisfied. And the duty and obligation resting upon the administrator or executor under such circumstances to withhold and apply, — to the extent of the debt, — the amount that would otherwise have been payable to the heir, legatee or creditor, is in no manner controlled or affected by the solvency or insolvency, of such heir, legatee or creditor. In the present case, as we have seen, Frank Lambright was both an heir of and debtor to, the estate he was administering. He used of the assets of said estate in payment of an obligation, or debt of his own, on which his father was surety, the sum of $1,137.18. With this amount, so used and applied by him, he did not charge himself in his account, until compelled thereto by the judgment of the probate court. His accounts show that during his administration of the trust estate he retained and paid to himself, as distributee and otherwise, out of the assets in his hands as administrator, sums aggregating in amount more than $1,150.00 and took credit in his accounts, as against the estate, for the amount so retained or paid to himself. Thus it will be seen that said Frank Lambright had in his hands, as due him from the estate, an amount in excess of that necessary to pay off and cancel his debt of $1,137.18 due the estate. This being true it was Ms duty as administrator to so apply and use it and to account for and charge himself with, said sum of $1,137.18 as assets of the estate in his hands to be distributed according to law. This conclusion is clearly supported by the following authorities: McGaughey, Admr. v. Jacoby, 54 Ohio St., 487; *207 James v. West, Admr., 67 Ohio St., 28; Woerner’s American Law of Administration, sec. 564; Henry v. Fiske, 11 R. I., 318; Gosnell, Trustee, v. Flack and Hoffman, Admrs., 76 Md., 423; New v. New, 127 Ind., 576; Baily’s Estate, Jackson’s Appeal, 156 Pa. St., 634; Sanchez v. Forster, 133 Cal., 614; Ramsour, Exrx. v. Thompson and Ramsour, Exrs., 65 N. C., 628; Tinkham v. Smith, Admr., 56 Vt., 187; Taylor v. Jones, 97 Ky., 201. It is suggested in argument, in the brief of counsel for plaintiff in error, that the adjudication and settlement by the probate court, of the first account filed by Prank Lambright as administrator, — no exception having been filed thereto,— was and is, as between the parties to the present controversy, final and conclusive. This claim we think is sufficiently answered by the provision of section 6187, Eevised Statutes, the language of which is as follows: “and upon every settlement of an account by an executor or administrator all his former accounts may be so far opened as to coirect any mistake or error therein; excepting that any matter of dispute between two parties which had been previously heard and determined by the court shall not be again brought into question by either of the same parties without leave of the court.” We are unanimously of the opinion that the judgment of the circuit court in this case charging Prank Lambright as administrator, with said sum of $1,137.18 as assets in his hands was right and the judgment is accordingly

Affirmed.

Shauck, O. J., Price, Summers, Spear and Davis, JJ., concur.