## First State Bank of Palmyra, Appellant, v. Fred Cooper, Executor, Appellee.

1. WILLS—*right under bequest of legatee and assignee.* A bequest in a will of a specific sum does not give the legatee the absolute right to payment of such sum in cash out of the funds of the estate, but whether he shall receive all, or a part, or more of such legacy depends upon the amount, if anything, which shall be found due him upon settlement of the estate, and an assignee of a legacy or distributive share can take no greater share.

2. WILLS—*deduction from legacy of indebtedness to estate.* An executor of a will has the right to deduct from a legacy any indebtedness of a legatee to the estate even though the legacy has been assigned by the legatee.

3. WILLS—*when assignee of legacies takes nothing by assignments.* Where legatees gave promissory notes to a creditor and to secure same executed assignments of their legacies, such assignee took nothing by the assignments where the indebtedness of the legatees to the estate equaled the amount of their legacies.

Appeal from the Circuit Court of Greene county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed October 25, 1921.

HARRY DeFRATES and WHITESIDE & WRIGHT, for appellant.

J. C. BOWMAN and THOMAS RINAKER, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Robert R. Cooper died in Greene county August 16, 1915, leaving a last will and testament which was ad-

mitted to probate and letters testamentary thereon were issued to his sons, Adrian E. Cooper and Fred Cooper. Adrian E. Cooper resigned as such executor and Fred Cooper proceeded to execute the provision of the will alone. May 28, 1919, he filed his final statement of account as such executor in the county court. Objections were filed thereto by appellant, which, being overruled by the court, appeal was taken to the circuit court where upon a hearing of the report and the objections thereto an order was entered overruling the objections and approving such statements of account, from which order this appeal has been taken.

The testator was seized at the time of his death of an undivided three-fourths interest in 320 acres of land in Macoupin county. Mr. Cooper had been married twice and the remaining one-fourth of said premises was owned by the first wife at the time of her death and descended to her sons, Adrian E. Cooper and Henry Cooper.

Robert R. Cooper provided in and by the first clause of his will that all his debts and funeral expenses be paid and by the third clause as follows: "My farm in the Town of Barr, County of Macoupin in the State of Illinois, consisting of the south-west quarter; the east half of the north-west quarter and the west half of the north-east quarter of section seventeen, Town Eleven, North, Range Nine, West of the Third Principal Meridian (excepting one-half an acre for the cemetery), I will and direct to be sold if I do not sell it before my death, and the proceeds of such sale be applied to the general provisions of this will, Provided, however, that whereas my sons Henry E. Cooper and Adrian E. Cooper have an interest in said lands through their mother, my former wife, and have agreed to accept as their share or interest therein one-fourth of said lands, or one-fourth of the proceeds of the sale of the same jointly, or one-eighth each.

I will and direct that this agreement be recognized in the settlement of my estate and I also give and bequeath unto my said sons Henry E. and Adrian E. and to my son Frank Cooper fifteen hundred dollars each.''

At the time of his death deceased was surety on two notes held by E. E. Cunningham; one for $1,500, in which Charles V. Cooper and Adrian E. Cooper were principals and one for $1,000, in which Charles V. Cooper was principal. These notes were filed as a claim against the estate and allowed by the court as a claim of the seventh class, September 26, 1915, in the sum of $3,013.65. The executor on March 22, 1916, paid thereon $1,780.20 and on March 27, 1918, the balance amounting to $1,582.03.

Deceased was also surety on a note of Charles V. Cooper held by George W. Cunningham, which was filed against the estate, allowed by the court and paid by the executor February 17, 1919, the amount being $1,275.38.

March 28, 1918, Adrian E. Cooper conveyed his interest in the real estate by quitclaim deed to the executor.

Shortly after the death of Robert R. Cooper, R. P. Driver and Alice P. Driver obtained separate judgments against Adrian E. Cooper in the circuit court of Macoupin county and had execution levied upon, and sold at sheriff's sale, the undivided interest of Adrian E. Cooper in the real estate above described for the total amount of $1,510.05, which sales were made in the early part of 1918 and the property bid in by C. S. Mahan, vice president of the appellant bank. Fred Cooper, executor, on the 19th day of March, 1919, redeemed said premises from said sale by the payment to the sheriff of Macoupin county of the sum of $1,598.38.

Adrian E. Cooper and Charles V. Cooper were indebted to appellant upon an account and on the 8th

day of November, 1915, made and delivered their promissory note payable to appellant, in the sum of $2,623, with interest at the rate of 7 per cent per annum, and each to secure the payment of the promissory note executed a separate assignment and mortgage of his legacy under the last will and testament of Robert R. Cooper, deceased, which assignments were filed with the clerk of the county court of Greene county on January 17, 1917.

Upon filing his final statement of account, the executor sought to deduct from the legacies of Adrian E. Cooper and Charles V. Cooper the above amount of $2,857.41 paid by him on the claims to George W. Cunningham and E. E. Cunningham upon which Robert R. Cunningham was surety for the said Adrian E. Cooper and Charles V. Cooper and also to deduct from the legacy of Adrian E. Cooper the amount paid by him out of the funds of the estate generally, to redeem the undivided interest of Adrian E. Cooper in said lands from the execution sale upon the indebtedness of Adrian E. Cooper to the Drivers.

Appellant filed objections to the final statement of the executor and by such objections raised the questions whether the claim of appellant under its assignment of the legacies of Adrian E. Cooper and Charles V. Cooper is a claim upon their legacies superior to the right of the estate of Robert R. Cooper to reimbursement out of said legacies for the payments made of the indebtedness of Adrian E. Cooper and Charles V. Cooper for which the deceased, Robert R. Cooper, was surety when those payments were made subsequent to said assignments, and after notice of the assignments was brought to said executor.

A bequest in a will of a specific sum to a legatee does not give to the legatee the absolute right to payment of such specific sum, in cash, out of the funds of the estate, for it frequently happens that all the

assets of the estate are needed for the payment of
debts, in which case the legatee receives nothing.
Whether or not a legacy shall be paid in full, in part,
or whether he shall receive nothing, depends upon
the amount, if anything, which shall be found due to the
legatee upon settlement of the estate. Such being the
right of the legatee in the premises, it follows that
his assignee, by an assignment of a legacy, or distrib-
utive share of an estate, can take no other or greater
rights than the assignor had in the estate.

The question, therefore, arises in this case as to
whether or not the executor had the right to retain
from the legacies. given to Charles V. Cooper and
Adrian E. Cooper amounts which on settlement of
the estate were found due from them to the estate.

The concensus of the authorities is that an executor
has the right to deduct from a legacy any indebted-
ness of the legatee to the estate and that this is true
even though the legacy has been assigned by the lega-
tee. *Holmes v. McPheeters,* 149 Ind. 587, 49 N. E.
452; *Holden v. Spier,* 65 Kan. 412, 70 Pac. 348; *Boyer
v. Robinson,* 26 Wash. 117, 66 Pac. 119; *Wick v. Hickey*
(Iowa), 103 N. W. 469; *Noble v. Tait,* 140 Ala. 469, 37
So. 278; *Helmsley v. Hollingsworth,* 119 Md. 431, 87
Atl. 506; *Fiscus v. Moore,* 121 Ind. 547, 23 N. E. 362;
*Webb v. Fuller,* 85 Me. 443, 27 Atl. 346.

A full discussion of this question is found in *Re
Lietman's Estate,* 149 Mo. 112, 50 S. W. 307, where
it was said: ''The minor premise of the syllogism
is that the indebtedness of the legatee to the estate
is not an advancement, and hence cannot be deducted
from the legacy, nor can it be treated as a set-off,
because there is no mutual indebtedness. In Pennsyl-
vania it is treated as an advancement (*Springer's Ap-
peal,* 29 Pa. St. 208); and the orphans' court is held
to have power to deduct the debt from the legacy,
but not to enter judgment against the legatee for the
excess of the debt over the legacy. In England the

administrator is held to have power to apply the debt towards the payment of the legacy, under the common-law doctrine of retainer; or, as was said by the vice chancellor in *Ranking v. Barnard*, 5 Madd. 34: 'It is clear that, as against the husband, the executor of the testatrix would have a right to satisfy the legacy (which was to the wife, but which the husband was entitled to at common law) by writing off so much of the debt due from the husband to the estate.' In *Courtenay v. Williams*, 3 Hare, 539, it was placed on the doctrine of retainer. The American doctrine places it upon the ground that the debt is already in the hands of the executor as assets collected by being deducted from the legacy, thereby practically enforcing the common-law doctrine of retainer. *Clarke v. Bogardus*, 12 Wend. (N. Y.) 67; *Armour v. Kendall*, 15 R. I. 193, 2 Atl. 311; *Stagg v. Beekman*, 2 Edw. Ch. (N. Y.) 89; *Brokaw v. Hudson's Ex'rs*, 27 N. J. Eq. 135; *Tinkham v. Smith*, 56 Vt. 187; *Bowen v. Evans*, 70 Iowa 368, 30 N. W. 638; and in the later case of *Strong's Ex'r v. Bass*, 35 Pa. 333. The minor premises laid down by the St. Louis court of appeals therefore fall also. The conclusion reached by that court, that the only remedy was for the administrator to have the interest of distributee impounded in equity, and have it applied to the extinguishment of the debt, being based upon false premises, must also fall, in the light of the direct methods, pointed out in the authorities herein cited, for reaching the same end and of the jurisdiction of our probate courts.

"In the recent case of *Hopkins v. Thompson*, 73 Mo. App. loc. cit. 405, the Kansas City court of appeals said: 'The authorities are quite agreed that an administrator has the right to subject the personal property of his intestate to the payment of a debt due by the heir to the estate in priority and preference to the claims of an assignee of the heir. *Streety v. McCurdy*, 104 Ala. loc. cit. 501, 16 So. 687; *Fiscus v. Moore*, 121

Ind. loc. cit. 556, 23 N. E. 365.' *A fortiori* to the payment of the debt of the heir as against a claim of the heir himself. Waterman on Set-off (2nd Ed., sec. 209) says: 'The giving of a legacy to a debtor is not an extinguishment of the debt, and the debt may be set off by the executor against the legacy.' And the same author, in section 210, happily and tersely states the rule as follows: 'The right of the executor or administrator to retain in such cases depends upon the principle that the legatee or distributee is not entitled to his legacy or distributive share, while he retains in his own hands a part of a fund out of which that and other legacies or distributive shares ought to be paid, or which were necessary to extinguish other claims on that fund. In other words, the legatee or distributee in such cases seeks to obtain a portion of the fund which the testator or the letters of administration have placed in the hands of the executor or administrator to pay debts and legacies or distributive shares, while such legatee or distributee is himself a debtor to the estate, and by withholding payment, diminishes the fund to that extent. And it is against conscience that he should receive anything out of the fund without deducting therefrom the amount of that fund' which is already in his hands as a debtor to the estate.' In his work on the American Law of Administration (page *1236, sec. 564), Woerner lays down the rule to be: 'The indebtedness of a legatee or distributee constitutes assets of the estate, which it is the executor's or administrator's duty to collect for the benefit of creditors, legatees and distributees. Hence such indebtedness may be deducted from any legacy or distributive share of the debtor. * * * And where the doctrine of retainer is recognized, the executor or administrator may retain against a legatee or distributee, or the assignee or transferee of such, for any debt due to the deceased, or to the executor or administrator in his fiduciary character. The right

of set-off exists whether the legatee or distributee was indebted to the deceased before his death, or contracted a liability to the estate,' etc.

"It matters not by what name the proceeding is called, whether 'Retainer,' 'advancement,' 'set-off,' or 'assets in the hands of the legatee,' the practical result is the same, and it rests upon wholesome principles of right and justice, which can be administered in probate courts, without the aid of a court of conscience."

This rule has been held to apply where the indebtedness to the estate was created after the death of the testator and also in case where such indebtedness to the estate was created by the executor paying after the death of the testator an indebtedness of the legatee upon which the testator was surety as in the present case. *Lambright v. Lambright,* 74 Ohio 198, 78 N. E. 265; *Ramsour v. Thompson,* 65 N. C. 628; *Haskell v. Hill,* 169 Mass. 124, 47 N. E. 586; *Gosnell v. Flack,* 76 Md. 423, 25 Atl. 411; *Hoffman v. Armstrong,* 90 Md. 123, 44 Atl. 1012.

Applying these rules to the present case, the executor had the right to retain the legacies and distribute shares of Adrian E. Cooper and Charles V. Cooper and apply them in payment upon their indebtedness to the estate, and as upon a settlement of the estate of deceased there was nothing due to them, it necessarily followed that appellant took nothing by the assignment and mortgage and the court did not err in so holding.

The order of the circuit court is affirmed.

*Affirmed.*