# Noble *et al. v.* Tait.

*Bill in Equity for removal of Administration into Chancery Court, and for settlement thereof, and for enforcement of Trusts.*

1. *Will; duty of executrix coupled with other trusts; equity of bill for removal of administration and enforcement of trust.* Where the will of a testator provides that his estate shall be kept together to be distributed equally among certain legatees as they become of age, and that thereafter the executrix should hold and manage and control the property as trustee for the sole and separate use of the legatees during their natural lives, and although "said legatees had become of age, the executrix had filed no inventory of the estate, made no distribution, taken no steps to make a settlement, nor made any allowance to the legatees for the use of the property," said legatees, or any of them, can maintain a bill in equity to have the administration of the estate removed into the chancery court and to have a distribution and the shares of the legatees in said estate ascertained and set apart and managed and disposed of according to the provisions of the will, and also to have an accounting by one of the legatees as to an alleged partnership which existed between him and the testator; and such bill is not subject to demurrer.

2. *Same; same; surviving partner proper party to such bill.* Where the surviving partner of a partnership is one of the legatees and distributees in the estate of the deceased partner, he may be joined as respondent in a bill by one of the other legatees and distributees, against the executrix asking for the

[Noble *et al.* v. Tait.]

removal of the administration into the chancery court and for the settlement of the administration, and praying that an accounting may be had of the partnership affairs between the deceased testator and the surviving partner, as well as of the other funds of the estate that may have been received by such surviving partner, and that the interest of the estate in the partnership and the funds so retained by the surviving partner may be made to enure to the benefit of the estate by decreeing the amount thereof be deducted from his distributive interest in the estate; and such bill contains equity and can be maintained.

3. *Decedent's estate; indebtedness of legatee assets of such estate.* The indebtedness of a legatee or distributee to a decedent's estate constitute assets of such estate, which it is the executors or administrator's duty to collect for the benefit of creditors, legatees and distributees; and, therefore, such indebtedness may be deducted from any legacy or distributive share of the debtor.

4. *Partnership dissolved by death of one of the parties; statute of limitations runs from time of final settlement.*—Although a partnership is dissolved by the death of one of the partners, the statute of limitations does not begin to run against the claim of the decedent's estate against the surviving partner, until the partnership business has been wound up by final settlement thereof.

5. *Same; statute of limitations does not prevent retention of amount due from share of surviving partner.*—The lapse of time from the death of one member of a partnership does not operate to prevent the retention from the share of the surviving partner, who was a legatee and distributee in the estate of the deceased partner, of such sum as may be due him as such surviving partner to the estate.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellee, Mrs. Annabella M. Tait, an heir and devisee of the estate of B. F. Noble, deceased, against the appellant, John S. Noble and Mrs. Mary T. Noble, the widow of the said B. F. Noble, deceased, and other devisees under the will of said B. F. Noble, deceased.

The facts, as shown by the bill are substantially, that Benjamin F. Noble departed this life, a resident citizen

of the city and county of Montgomery and State of Alabama, on the 1st day of February, 1890, leaving a last will and testament, which was duly probated in said county and State, on the 23d day of May, 1890, and Mary T. Noble appointed and qualified as sole executrix without bond; that deceased left a large estate consisting of personal and mixed property and real estate, which, by said will, was devised and bequeathed to his wife and children then living and to such other children as his wife might thereafter bear to him; that support of his wife and education of his children should come out of the common fund of the estate, unless his wife should withdraw her interest, which she had the right to do at any time, and which she has not done; that by the terms of said will the interests of testator's sons, under said will, were given to them in fee, but the title to the interests given to the daughters were vested in trustees for their benefit during their lives, with remainder in fee to their children; that the executrix of the said will has never returned to the probate court an inventory of the assets of the said estate, nor had the same appraised, nor ever made a settlement, annual or otherwise, of her doings; that all of the debts of said estate have been paid; that the said B. F. Noble, deceased, left surviving him four children, to-wit: Annabella M. Tait, the complainant, and Louisa M. Holt, Mary F. Wiley and J. S. Noble, and two grandchildren, the children of Edward F. Noble, deceased, whose death, with that of his wife, occurred previous to that of B. F. Noble, and after the execution of said last will and testament; that at the time of his decease, the said B. F. Noble was associated with his son, said J. S. Noble, the appellant, in business under the firm name of B. F. Noble & Son; that said J. S. Noble, as surviving partner, wound up said partnership business and has not in any manner accounted for the interest of his father therein; that said J. S. Noble, on his own responsibility, or as the agent of said executrix, collected a large sum of money for which he has never accounted; and that appellee has never received anything from her interest in said estate.

[Noble *et al.* v. Tait.]

In the prayer of the bill, the complainant prays, (1) that the administration of said estate be removed into the city court of Montgomery, in equity, and that its affairs be there administered; (2) that said executrix be required to return an inventory of property belonging to said estate at the time of testator's decease; (3) that an account be stated between said estate and said executrix; (4) that said J. S. Noble be required to account for the assets belonging to said estate, which have come into his hands, including the interest of the said B. F. Noble in the firm of B. F. Noble & Son, and to pay the same to said executrix, and that should he fail to pay over said assets, that he be charged with the amount thereof against his interest in said estate, and a decree rendered against him therefor; and a sale of his interest in said estate be made to satisfy the same; (5) that the court take charge of and administer the trust created in said will, instruct the trustees in respect thereof, and ascertain the interest of each party interested therein, including such accumulation of money or other property as there have been since the death of the said B. F. Noble, and cause complainant's share in said property to be set apart in severalty, and delivered to the said Mary T. Noble, or some other person to be appointed by the court, as trustee for complainant; (6) that the court value the property now in the hands of the said executrix and ascertain the amount of property, money and assets, with the value thereof, which went into the hands of the said J. S. Noble; (7) and for such other and general relief, etc.

The respondent, B. F. Noble, filed his answer, admitting the truth (in the main) of the averments of the bill, and asking that the prayer of the bill, so far as it asks for a distribution of the assets of the estate, be granted. The guardian *ad litem* of the respondent, Edward M. Noble, a minor, filed an answer denying the allegations of the bill. The respondent, Mrs. Mary F. Wiley, filed an answer, and also a motion to dismiss the bill for the want of equity. The respondent, Mrs. Mary T. Noble, filed an answer. The respondent, John S. Noble, filed a motion to dismiss the bill for want of equity; a separate

motion to dismiss for want of equity so much of the bill as seeks to hold him responsible for matters growing out of the alleged partnership between himself and Benjamin F. Noble; and also demurred to the bill. The demurrer of said John S. Noble was upon many grounds, which may be summarized as follows: 1. The said bill is multifarious in that it joins prayers for the administration of the estate of said B. F. Noble, deceased, with prayer for the settlement of a partnership alleged to have existed between this respondent and said B. F. Noble, deceased. 2. The said bill is multifarious in that it seeks an accounting with Mary T. Noble, as executrix of the estate of B. F. Noble, deceased, with Mary T. Noble, as trustee of complainant, and with this respondent as surviving partner of an alleged partnership. 3. The said bill is multifarious in that it seeks an accounting with Mary T. Noble, as executrix, an accounting with this respondent as an individual, and an accounting with this respondent as the surviving partner of an alleged partnership between this respondent and said B. F. Noble, deceased. 4. The bill is multifarious in that this respondent has nothing to do with the trust in favor of complainant and the executor has nothing to do with the actions of respondent as surviving partner. 5. It is alleged that by the said will it is provided that the said Mary T. Noble, as executrix, shall be the trustee of the complainant and the other daughters of said B. F. Noble, deceased, and shall hold, manage and control the property of each during their natural lives and at their death to vest the same in the natural offspring of said daughters, respectively, and yet said bill prays that use of complainant's said property be delivered to complainant. 6. The liability, if any, of the respondent as surviving partner of said B. F. Noble, is shown to have been long since barred by the statute of limitations of six years. 7. The said bill is multifarious in that it seeks an accounting of the executrix of the estate, an accounting of Mary T. Noble as trustee with complainant, an accounting of this respondent of the alleged partnership, and accounting between the respondent and the said Mary T. Noble as executrix for assets of said estate al-

[Noble *et al.* v. Tait.]

leged to have been received by this respondent, and said bill also seeks to require a bond of the said Mary T. Noble, as executrix, and another bond of Mary T. Noble as trustee of complainant, and also to have complainant's share in said estate set aside to her, and also seek other relief.

And this respondent demurs to so much of said bill as seeks the accounting of the alleged partnership upon the following grounds: It appears that the said B. F. Noble died more than six years before the filing of this bill. 2. It appears from said bill that the statute of limitations of six years has barred all proceedings for the settlement of said alleged partnership. 3. The complainant has no right to maintain a bill for the settlement of said partnership.

To that part of said bill which alleges that this respondent collected certain assets of said estate for which he never accounted, this respondent demurs upon the following grounds: 1. It is not alleged in said bill when said assets were received by this respondent. 2. It is not alleged whether he received said assets as an individual or as the agent of the executrix. 3. The complainant has no right to maintain a bill for an accounting between this respondent and said executrix for assets of said estate which respondent collected as the agent of said executrix. 4. The complainant has no right to maintain a bill for an accounting between this respondent and said executrix for assets of said estate collected by this respondent. 5. That no one except the said Mary T. Noble, as executrix, has the right to maintain a bill against this respondent for an accounting as to assets of said estate received by him. 6. That this respondent is not accountable to the complainant, but only to the executrix, for any of the assets of said estate received by him.

On the submission of the cause upon the motions to dismiss and the demurrers, there was a decree rendered overruling the motions to dismiss the bill for the want of equity and overruling the demurrers. From this decree the respondents appeal, and assign the rendition thereof as error.

[Noble *et al.* v. Tait.]

THOS. H. WATTS, for appellants.—The bill not only prays that J. S. Noble shall be made to account to complainant for assets of the estate which have come into his hands, but also that a partnership which was dissolved more than six years before the filing of the bill, should be settled and, not content with that, prays that if his interest in the estate is not sufficient to pay the amount chargeable to him, execution shall issue against his other property. This is a relief which cannot be granted. *Noble v. Tate,* 119 Ala. 399.

There can be no question as to the correctness of the two following propositions of law: 1. That under ordinary circumstances, the distributee or divisee of an estate cannot call a surviving partner to account.

2. That no bill for the settlement of a partnership will lie after six years from the date of the dissolution. *Stovall v. Clay,* 108 Ala. 105; *Duggar v. Tutwiler,* 30 So. Rep. 91; *Bradford v. Spyker,* 32 Ala. 134.

The bill in this case distinctly shows that more than six years, yea, more than twelve years have elapsed since the dissolution of the partnership by the death of B. F. Noble; and when the bill on its face shows that the demand is barred by the statute of limitations, the matter can be raised by demurrer.—*Lovelace v. Hutchinson,* 106 Ala. 417.

JONES & FITTS and GRAHAM & STEINER, *contra.*—This case has been before this court on a former appeal, and the questions involved were then settled adversely to appellant.—*Noble v. Tait,* 119 Ala. 397.

The objection that there is no equity in said bill is wholly untenable. The bill disclosed the death of a resident of the State, a last will and testament, the probate thereof, the appointment of an executrix, the failure upon her part to prepare and file inventory of property and to make settlements, as required by law, the existence of heirs at law and next of kin of the deceased, who are legatees and devisees under such will and entitled to share in the distribution of the estate, and the commencement of a suit by one of the legatees and devisees of said estate, to remove the administration of said testa-

tor's estate into a chancery court.—*Bromberg v. Bates,* 98 Ala. 621; *Baker v. Mitchell,* 109 Ala. 490.

The whole gist and purpose of the suit is to settle the estate of B. F. Noble, deceased, and every matter and thing averred and stated therein constitutes matter connected therewith and which must be settled before said estate can be justly and fairly terminated. Hence, our conclusion is, that the bill cannot be multifarious by reason of "a misjoinder of distinct and separate matters of equitable cognizance." "It is a well established rule, that equity having taken jurisdiction for one purpose will retain it for others, necessary to a final settlement of all matters involved in the litigation, between the parties, growing out of and connected with the subject matter of the suit, and will decide all incidental matters necessary to enable it to make a final settlement of the whole controversy."—1 Beach on Mod. Eq. Jurisp., § 21; *McHan v. Ordway,* 82 Ala. 463; 1 Daniel Ch. Practice, p. 337; *Weakley v. Gurley,* 60 Ala. 399.

The bill was not multifarious. The bill cannot be multifarious, in the sense that the enforcement of the trust created by the will of Benjamin F. Noble, deceased, is one matter, and the settlement of the affairs of the partnership once existing between testator and appellant is another, so dissimilar, disconnected or independent, or foreign, that the court ought not to permit the two to be litigated together. Appellant was not only the partner of testator, but is a legatee under his will. The will directs an equal distribution among the children of the testator. The distributive share of appellant must, in equity, be subject to abatement, or perhaps entire extinguishment, for the benefit of the other legatees, to the extent it may appear he has received assets of the estate. This equality cannot be decreed except upon an investigation of the affairs of both the estate and the partnership. The settlement of the estate and division of the property, as directed under the will, includes the partnership assets, as well as all others, for the reason that the will disposes of all the property of testator. Unless the partnership affairs are settled, then it will be impos-

sible for the court to "proceed to a final and complete settlement of all matters involved," as it is its duty to do under the law.—*Tygh v. Dolan,* 95 Ala. 269; *Baker, Admr. v. Mitchell,* 109 Ala. 490.

Moreover, the jurisdiction invoked by the bill is largely a matter of judicial discretion, to be exercised for the convenience of parties.—*Lehman v. Meyer,* 67 Ala. 396; *Adams v. Jones,* 68 Ala. 119.

SHARPE, J.—Mary T. Noble, relict of Benjamin F. Noble, deceased, is the executrix of the last will of that decedent, and by the will she is vested with certain trusts for the individual benefit of complainant and others in respect of property interests given them by the will. John S. Noble is a beneficiary under the will and a surviving partner of B. F. Noble & Son, which was a business firm composed of himself and Benjamin F. Noble. By the bill of complaint it is sought to have the administration of the estate removed from the probate to the chancery court; to have the same together with the special trusts administered in the latter court and, as incidental to such administration, it is further sought to have John S. Noble account for what may be due the estate from him as surviving partner.

John S. Noble demurred to the whole bill, to so much of it "as seeks the accounting of the alleged partnership" and to that part which alleges he "collected assets of the estate for which he never accounted." He also moved that the bill be dismissed as being without equity, and here assigns as erroneous the overruling of his demurrers and motion.

Apparently this litigation is in renewal of that had in the case of *Noble v. Tait,* reported in 119 Ala. 399, the subject matters and most of the questions involved in that case and in this being identical. We adhere to the opinion rendered in *Noble v. Tait, supra,* and accordingly hold that the bill is appropriate for bringing the administration of the estate and the special executorial trusts connected therewith within the jurisdiction of chancery, and that it is not open to the objections pleaded by the demurrer on the ground of multifariousness.

None of the other grounds of the demurrer to the whole bill are good to the bill as a whole, and what merit they might have in application to parts of it is not in question.

In further accordance with the opinion referred to, it must be held that John S. Noble, being a legatee of Benjamin S. Noble as well as his survivor in the partnership, is liable at the instance of complainant to an accounting as prayed in this bill, and to the end that funds justly belonging to the estate and received and kept by him, whether as surviving partner or in his individual capacity, may be made to enure to the benefit of the estate by decreeing that retention be had, on account thereof, from his share of the estate. The liabilities sought to be charged against the share of John S. Noble does not have the character of a "debt contracted with the decedent in his lifetime or with the executor" and, therefore, does not come within the terms of the statute (Code, § 239) which provides for setting off debts so contracted against the distributive share of the debtor. They may be available, however, under the general principles upheld in *Nelson, Extr. v. Murfee,* 69 Ala. 598, and which in Woerner's American Law of Administrations, p. 1236, is stated thus: "The indebtedness of a legatee or distributee constitutes assets of the estate which it is the executor's or the administrator's duty to collect for the benefit of creditors, legatees and distributees. Hence, such indebtedness may be deducted from any legacy or distributive share of the debtor."

Though the alleged partnership is shown to have been dissolved in 1890 by the death of Benjamin F. Noble, the bill does not show when the partnership business was wound up so that the surviving partner as such could have been forced to account to the executrix. This is in itself sufficient to justify the overruling of that ground of the demurer which assumes that "it appears from the bill that the statute of limitations of six years has barred all proceedings for the settlement of said alleged partnership."

But apart from this consideration we hold that the mere efflux of time from the death of the testator, does

not operate to prevent the retention from the share of John S. Noble, such sum as may be due from him as surviving partner, to the estate.—Woerner's American Law of Administrations, p. 1237; 11 Am. & Eng. Ency. Law, 1172; *Garrett v. Pierson,* 29 Iowa, 304; *Holmes v. McPheeters,* 149 Ind. 587.

Affirmed