OPINION of the Court, by
Ch. J. Boyle.
This was a presentment against Watkins for being guilty of a breach of the condition of the bond given by him as a tavern keeper. On the motion of Watkins by his counsel, the court below quashed the presentment, and an appeal on the part of the commonwealth has been taken to this court.
The first and principal question, is, whether the of, fence is suchas to authorise a summary mode of proceeding by presentment, or requires the formality of an information or indictment,
The 6th section of the “ act to regulate taverns and restrain tippling houses,” approved December 19,1793, is relied on by the attorney general in support of the proceeding by presentment. By that section it is enacted “that when any tavern keeper shall be presented by a grand jury for being guilty of a breach of the condition of his bond, or by information of any other person, the court shall hear and determine the same in a summary way, and if it appear to such court that such person has been guilty of. á breach thereof, they shall grant judgment accordingly.”
*22 This provision, were it in force, would without doubt authorise the mode of proceeding attempted in this case ; but it appears to be incompatible in some respects with the, letter, and in others with the spirit and intention of some of the provisions of the “ act to reduce into one the several acts concerning the examination of criminals,” See. approved December 17, 1796. The 26th section of that act provides that where a presentment is made of an offence upon which the penalty imposed does not exceed the sum of five pounds, no information shall be filed thereon ; and in such case the court shall in a summary way, without a jury, hear and determine it; but expressly declares that in all cases where the penalty imposed shall exceed five pounds, or shall be uncertain, the trial shall be by jury, who shall find the amount of the penalty or forfeiture incurred.
The forfeiture incurred by the breach of the condition^ of a tavern keeper’s bond, is either the penalty of the bond, or it is wholly uncertain. In either case this provision secures the trial by jury, and in this respect is directly and literally opposed to the provisions of the “act to regulate taverns and restrain tippling houses,” which gave to the court the power to hear and determine such a charge.
But this provision not only makes a distinction between those cases in which the court may hear and determine the charge in a summary way, and those in which the trial must be by jury ; but it strongly implies that the same distinction should exist as to the cases in which the trial should be had upon presentment only, and those in which there ought to be the formality of an information or indictment. This distinction has, it is believed, been universally acted upon ever since the passage of the law, and it is important to the interest of the prosecuted it should be preserved,
In presentments no prosecutor is necessary, and if there be one he is not in case of failure liable to costs ; but to every information or indictment for a trespass or misdemeanor, there must be a prosecutor, whose name is required to be written at the foot of the information or indictment, and who is liable to a judgment for costs in the event of the prosecution failing — See sec. 38, of the same act. If therefore those who manage the pro- *23 Secútion might at their election proceed by presentment only, where an information or indictment would lie, the defendant would be deprived of an important advantage gauranteed to him by law. To permit this to be done, would not only be repugnant to the intention of the legislature, manifested in these provisions, but contrary to the general spirit and genius of our institutions. But if this might be done in the present case, we can see no reason why it should not be done in any other; and if it cannot be done in any other, we can see no reason why it should be done in this.
We need scarcely observe that the provisions of the “ act to regulate taverns and restrain tippling houses,” so far as they are inconsistent with those of the before mentioned aet of lfth December If96, are repealed thereby. This would have been the case upon general principles of construction, if there had been no repealing clause in the latter act; but by the last section of the latter act, all such acts or parts of such acts as come within the purview of that act are repealed.
We are therefore of opinion that the defendant in this case could not be compelled to answer without the formality of an indictment or information.
Judgment affirmed.