CASE 15.—ACTION BY THE EXECUTOR OF ROBERT BOYD, SR., AND OTHERS AGAINST NATHAN BUCHANAN AND OTHERS TO RECOVER LAND.—Oct. 28, 1909.

# Buchanan v. Boyd's Ex'r, &c.

Appeal from Whitley Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Affirmed.

1. Descent and Distribution—Conveyances by Heirs—Debts of Intestate—Bona Fide Purchaser for Valuable Consideration.— Under Ky. St. 1909, Sec. 2087, providing that any estate aliened by the heir or devisee before suit was brought shall not be liable to the creditors of decedent in the hands of a bona fide purchaser for a valuable consideration unless action is instituted within six months, a "bona fide purchaser for a valuable consideration" is one who in good faith buys the land and pays therefor.

2. Descent and Distribution—Conveyance by Heirs—Debts of Intestate—Bona Fide Purchaser.—Under said section, that the purchaser was judge of the circuit court and had notice of the pendency of an action against the ancestor to recover a money judgment did not prevent his being a bona fide purchaser; the suit not seeking to subject the land.

3. Descent and Distribution—Debts of Intestate—Action Against Purchaser—Limitations.—Under said section, one purchasing land in good faith from the widow and heirs of the deceased owner and paying therefor acquired title, unless an action to subject the land to debts was filed within six months after it descended.

4. Appeal and Error—Right to Allege Error—Inviting Error.— Where, in an action to recover land, an amended reply and rejoinder, though unnecessary, were filed without objection, and the parties elected to set forth their respective titles, and it appeared from the pleadings that defendants had no title, they could not on appeal complain, where the court decided the issue presented in such pleadings without objection on their part.

5.   Appeal and Error—Harmless Error—Though an amended reply was improperly filed to prevent the case going to the jury, the case will not be reversed and remanded for a jury trial on an issue playing no part in the action.

See original appeal, 115 S. W. 222; 120 S. W. 295; 131 Kentucky Reports, Case 48, page —.

TYE & SILER for appellants.

## QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. In an action of ejectment issue is joined by filing an answer denying the allegation of ownership in plaintiff.   Civil Code, subsection 2, section 125; Simms v. Simms, 88 Ky. 642; Howton v. Roberts, 20 R. 1331; Anderson v. Proctor Coal Co., 25 R. 131; Williams v. Watson, 19 R. 1798.

2. It is surplusage to plead evidence of title in an action of ejectment.

3. In an action of ejectment it is not incumbent on defendant to respond to a pleading, setting forth mere evidence of title in plaintiff and nothing more.   Tinsley v. Ross, 15 R. 44; Combs v. Combs, 19 R. 439; Grigsby v. Hart, 13 R. 920; Fuqua v. Bogard, 22 R. 1910.

4. A general demurrer searches the entire record and thus brings all previous pleadings before the court, and judgment on such demurrer should be against the party who committed the first error.   Wile v. Sweeney, 2 Duvall, 161; Martin v. McDonald, 14 B. M. 544.

5. It is not negligence in a party in failing to find a deed of record, but not indexed, and such record is not notice.   Elliott v. Harris, &c., 81 Ky. 470; Gill v. Fugate, 117 Ky. 266.

6. A stranger to a deed can not be estopped by it.   Hume v. Breck, 4 Littell, 286.

7. Before a matter can operate as an estoppel in pais, it must be shown that the party pleading it has been prejudiced in some right of his by the act complained of; that he would have done something which he could have done but for the act, or that he was induced to do something that he would not have done but for it.   Western Bank v. Coldewey's Ex'tx., 26 R. 1250; Wright v. Williams, 25 R. 1379.

8. The law protects the party in possession against all but the rightful owner.   Plaintiff must recover land upon the strength of his own title and not upon the want of title in the defendant. Green v. Wilson, 8 R. 601; Ratliff v. Elam, 14 R. 772; Long v. L. & N., 89 Ky. 544.

Buchanan v. Boyd's Exr., &c.

9. In action of ejectment defendant, under general issue, may prove that he was in adverse possession of land in controversy at the time it was conveyed to plaintiff and thus defeat the action. Kentucky Statutes, Sec. 212; Shaw v. Revel, 21 R. 348.

10. A defendant in ejectment is always at liberty to show that the legal title or present right of possession is vested in a third person, and thus prevent a recovery. Warrelle on Ejectment, Sec. 246.

H. C. CLAY for appellee.

ROBT. BOYD, Jr., Ex'or.

### AUTHORITIES.

Motion to dismiss appeal, Code Secs. 506, 734, 767; Hopkins v. Hopkin's Adm'r., 91 Ky. 310; Magee v. Frazier's Ex'or, 21 R. 254; 51 S. W. 174. Creditors of a decedent have no lien on real estate unless suit to settle the estate is filed within six months from his death. Ky. Stat. Sec. 2087; Parks v. Smoot's Adm'r., 105 Ky. 63; 20 R. 1043; 48 S. W. 146.

OPINION OF THE COURT BY WM. ROGERS CLAY. COMMISSIONER—Affirming.

R. Boyd, Sr., instituted this action against appellants, Nathan Buchanan and others, to recover two tracts of land lying in Whitley county, Ky. Appellants filed an answer pleading that they were in possession of the first tract named in the petition, but were not in possession of the second tract. They denied plaintiff's title to the first tract and pleaded title in themselves. Thereafter R. Boyd, Sr., filed a reply denying the affirmative allegations of the answer. Subsequently, and without objection on behalf of the appellants, plaintiff amended his reply and set forth the sources of his title. He pleaded: That the tracts of land described in the petition were conveyed to him on August 14, 1889, by Juda Leforce and Lee Leforce. That Juda Leforce was then the widow of D. H. Leforce, who had theretofore died intestate in Whitley county, Ky. That Lee Leforce, the other

grantor in the deed, was the only child and heir of D. H. Leforce. That at the death of the latter he was seised in fee simple of the tracts in controversy. That by reason of D. H. Leforce's intestacy the legal title thereto descended on his death to Lee Leforce, subject to the dower rights of .Juda Leforce. That · plaintiff purchased said lands from Juda Leforce and Lee Leforce in good faith and for a valuable consideration then paid by him to them. That on the date of said deed to-wit, August 14, 1889, each of the  grantors therein duly acknowledged and delivered the  same  to the plaintiff, and he .thereby became the owner of the fee-simple title to each of said tracts of land.  Said deed was duly lodged for record and recorded on the 20th day of August, 1889, in the clerk's office of the Whitley county court.  A copy of the deed is filed with the amended reply.  In said reply it is further alleged: That on the 13th day of September, 1893, the appellants, in an action which was  then  pending in the Whitley circuit court wherein they were plaintiffs, and others, including the heirs of D. H. Leforce, were defendants, an amended petition was  filed  by the plaintiffs, by which for the first time the plaintiffs in that action sought to subject to the payment of the claim which they were asserting against the estate of D. H. Leforce the land in controversy; that nearly four years theretofore, for a valuable consideration paid by the plaintiff, Juda Leforce and Lee Leforce had conveyed the lands in question to him by deed of general warranty; that, in the action wherein appellants were plaintiffs and said Juda Leforce and others were defendants, an order was made by the Whitley circuit court at its January term, 1894, directing

that the land in question be sold to satisfy the claim of appellants against the estate of D. H. Leforce; that in obedience to that order the first named of the tracts described in the petition was sold by the master commissioner on March 5, 1894; that J. S. G. Farris became the purchaser thereof for the benefit of appellants; that thereafter a deed was made to the appellants. It is further charged that the last conveyance is the only semblance of title which the appellants have to the tract first named, and that they purchased the same subject to notice of plaintiff's prior purchase of said land in good faith from the widow and heirs of D. H. Leforce.

Thereafter appellants, Nathan Buchanan and others, filed a rejoinder to plaintiff's reply, wherein they pleaded: That in 1881 they instituted an action against D. H. Leforce to recover judgment for many hundred dollars; that said action remained on the docket of the Whitley circuit court until the death of D. H. Leforce, which occurred on the 3d day of May, 1887; that after the death of D. H. Leforce, and within six mouths thereof, said action against D. H. Leforce was revived against Lee Leforce, his only child and heir at law, and the administrator of said D. H. Leforce; that said action was thereafter transferred to the equity side of the court's docket, and an amended petition filed, by which it was sought to settle the estate of D. H. Leforce and to sell his land for the purpose of paying their debt; that the plaintiff in this action failed to cause his deed to be recorded in the clerk's office of the Whitley county court, or failed to have it indexed in the index of records of deeds in said clerk's office; and that appellants had no knowledge of the existence of said deed, and said deed was not in fact recorded in the clerk's office of

the Whitley county court as required by law. It is further pleaded: That by the action to settle the estate appellants had a lien upon the land in controversy to secure the payment of their debts, which lien was prior and superior to the rights of plaintiff; that said lien was enforced by a sale of said land, and they became the purchasers thereof; that said sale was confirmed by order of the Whitley circuit court and a deed of conveyance made by the commissioner of said court.

It is further charged: That plaintiff was judge of the Whitley circuit court in which such action was pending from January, 1886, until January, 1893, and had notice of the pendency of said action; that plaintiff took title to said land subject to the rights and liens of appellants and all other creditors of D. H. Leforce. Plaintiff filed a demurrer to the foregoing rejoinder, which was sustained by the court. Appellants then declined to amend their rejoinder or otherwise plead further. Judgment was then entered in favor of plaintiff. From that judgment this appeal is prosecuted. Robert Boyd, Sr., died after the rendition of the foregoing judgment, and the case has been revived against his heirs.

It will be observed that the rejoinder admits that the amended petition, by which the appellants sought to subject D. H. Leforce's land to the payment of his debts, was not filed within six months after the death of said Leforce. Moreover, the rejoinder does not deny that appellants had notice of the fact that R. Boyd, Sr., had actually purchased the land in question from the widow and heir at law of D. H. Leforce. The question, then, arises: Did appellants acquire a good title to the property in question by their purchase under such circumstances?

Section 2087, Ky. St., is as follows: "When the heir or devisee shall alien, before suit brought, the estate descended or devised, he shall be liable for the value thereof, with legal interest from the time of alienation, to the creditors of the decedent or testator; but the estate so alienated shall not be liable to the creditors in the hands of a bona fide purchaser for valuable consideration, unless action is instituted within six months after the estate is devised or descended to subject the same." It will be observed that the foregoing section provides that any estate aliened by the heir or devisee shall not be liable to the creditors in the hands of a bona fide purchaser for valuable consideration, unless action is instituted within six months after the estate is devised or descended to subject the same. While it appears from the rejoinder that the original action of appellants against D. H. Leforce was revived within six months, it further appears that the amended petition seeking to subject the land was not filed within the required time. Under that section a "bona fide purchaser for a valuable consideration" is one who in good faith buys the land and pays therefor. The fact that R. Boyd, Sr., was a purchaser for a valuable consideration, was not denied by the rejoinder, and the fact that he was judge of the circuit court and had notice of the pendency of the original case of appellants against D. H. Leforce did not make him any the less a bona fide purchaser for a valuable consideration. In that suit it was not sought to subject the land. Having bought the land in good faith, and having paid for it, he was entitled to it, unless an action to subject the land was filed within six months after it descended to D. H. Leforce's widow and heirs. Parks v. Smoot, 105 Ky. 63, 48 S. W. 146, 20 Ky. Law Rep. 1043. No

such action having been filed, he acquired title under the deed made to him by Juda Leforce and Lee Leforce.

But it is insisted: That the petition, answer, and reply made an issue as to the ownership of the land; that the subsequent pleadings, consisting of the amended reply and rejoinder, in which R. Boyd, Sr., and appellants set forth their respective titles, were mere surplusage, and the court erred in determining the controversy by those pleadings instead of trying the case upon the issues which had been completed by the petition, answer, and reply. In support of this position, it is insisted that appellants might, under the general issue, have shown adverse possession for the statutory period. As appellants' however, claimed title only from the time of the execution of the deed to them in the year 1894, and as this action was instituted in the year 1904, it is manifest that adverse possession can play no part in this case. Moreover, even though the filing of the amended reply and rejoinder was unnecessary, yet where each of these pleadings was filed without objection, and the parties elected to set forth their respective titles, and it is apparent from the pleadings that appellants have no title, they cannot now complain because the court decided the issue which was presented in such pleadings without objection upon their part.

But it is argued that the amended reply was filed for the purpose of preventing the case from going to the jury. That may be true; but it is perfectly manifest that, with the question of adverse possession eliminated, the only other question in the case was one of law. Under these circumstances, substantial justice does not require that this case be reversed and remanded for a trial by jury upon an issue which it

is apparent from the record plays no part in the case. Judgment affirmed.