## Boswell's Executrix v. Senn's Admr.

(Decided March 16, 1920.)

## Appeal from Jefferson Circuit Court
## (Common Pleas Branch, Second Division).

1.  Descent and Distribution—Lien of Creditors of Decedent.—The lien given by Kentucky Statutes, section 2087, to the creditors of a decedent upon the estate left by the latter for the payment of their debts continues for six months after the estate is devised or has descended, during which time the estate cannot be aliened or otherwise disposed of by the devisee or heir, even to a bona fide purchaser for value, so as to defeat the lien of the creditor. But this inhibition of the statute does not apply to an executor of a will with power to sell the real estate devised.

2.  Descent and Distribution—How Heirs to Realty Took at Common Law—How Under Statute.—As at common law the devisees and heirs took the realty by devise or descent free from the debts of the testator or ancestor, and the statute, supra, is in derogation of that rule of the common law, it should not be given a strained construction that would extend its restriction upon the right of alienation to include a person or class of persons not named therein. Therefore, as the language of the statute confines such restriction to devisees and heirs alone, it does not embrace or apply to an executor with power of sale, or other personal representative of like power.

3.  Descent and Distribution—Contract of Sale—Powers of Executrix —Breach—Damages.—Where the will of a testator devising real estate, empowers the executrix thereof to sell and convey any part of it, the purchaser of a lot, constituting a part of the devised real estate, by a contract in writing made with her before the expiration of six months from the testator's death, cannot refuse to perform such contract according to its terms, on the ground that the deed tendered him by the executrix would not pass to him the title to the lot unencumbered by a lien under section 2087, Kentucky Statutes, in favor of the testator's creditors, as that section does not apply to a sale of the devised realty made by such executrix. Therefore, in such state of case an action may be brought by the executrix after the purchaser's death, to recover of the administrator of his estate damages for his breach of the contract.

L. A. HICKMAN for appellant.

OTTO EVERBACH and GEORGE L. EVERBACH for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

C. E. Boswell, a resident of the city of Louisville, Jefferson county, died March 21, 1916, testate, survived by his wife, the appellant, Nannie E. Boswell, and six children born of their marriage. March 25, 1916, his will was admitted to probate by the Jefferson county court, and on the same day the widow, Nannie E. Boswell, appointed by the will the executrix thereof without security, duly qualified as such, at once took charge of the testator's estate and began the performance of her executorial duties.

The will, after first directing the payment of the testator's debts, devised his entire estate to the widow for life or during the continuance of her widowhood, with remainder in fee to their six children, providing, however, that in the event of her remarriage, the widow shall take only a third of the estate for life, such third to go, at her death, to the children. Besides those referred to, are the following provisions contained in a subsequent clause of the will:

"I now appoint my wife, Nannie E. Boswell, executrix of this my last will and empower her to sell and convey any portion of my real estate that she may deem it wise in her judgment to do so, and reinvest the same to the best advantage of the estate."

The succeeding and only remaining clause of the will contains requests that no appraisement of the estate be made; that the executrix be permitted to qualify and act as such without bond or security and that two of the testator's sons named act as her advisers.

Less than two months after the will was admitted to probate, the executrix received from Joseph Senn, of Louisville, a proposal in writing to purchase of her as executrix a parcel of the devised real estate, which she at once accepted in writing signed and entered by her on the paper received from Senn, beneath his offer of purchase and signature thereto; the writing as thus completed being in words and figures as follows:

"May 3, 1916.

"To Mrs. Nannie E. Boswell, Extrx.,
        Through Boswell & Co., agts.

"1 will give thirty-eight hundred and fifty ($3,850.00) dollars cash for the property known as 2308 W. Oak street, with lot thirty (30) by one hundred and thirty-five (135) feet, with all improvements thereon, in the

city of Louisville, Jefferson county, Kentucky. Title to the property is to be clear of all encumbrances, except state and county taxes for the year 1916, which I agree and assume to pay. You are to give me a deed of general warranty.

"(Signed) JOSEPH SENN.

"May 3, 1916.

"I accept the above proposition.

"(Signed) NANNIE E. BOSWELL, Extrx.,
By C. B. Boswell."

Shortly after her acceptance of Senn's offer, the executrix caused to be prepared a deed, whereby to convey him the title to the lot in question, that conformed in every particular to the terms of the contract of sale, as evidenced by the above writing between the parties; and which deed, after she as executrix had duly signed and acknowledged it, was tendered by her to Senn for his acceptance, accompanied by a demand that he perform the contract of sale and pay her the $3,850.00, fixed by its terms as the purchase price of the lot. Senn refused to accept the deed or pay the sum demanded and declared it to be his purpose not to perform the contract.

Some months after Senn's refusal to perform the contract he died, intestate, and the appellee, Louisville Trust Company, by an order of the Jefferson county court, was appointed administrator of his estate and at once duly qualified as such. Shortly thereafter this action was brought against the appellee as such administrator by the appellant in her executorial capacity, seeking the recovery of damages alleged to have resulted to the estate of C. E. Boswell by reason of the failure of its intestate, Joseph Senn, to perform the contract made with her for the purchase of the lot in question; the amount of damages claimed being $650.00, the difference, as alleged, between $3,200.00, the fair market value of the lot at the date of the contract, and the $3,850.00, purchase price, Senn then obligated himself to pay for it.

The facts as related in the opinion were properly set forth by the petition, which also alleged that the estate devised by the will of C. E. Boswell was mainly real property consisting of nine lots in the city of Louisville, exclusive of the one contracted for by Senn, worth in the aggregate $15,415.90; that the testator was owing at the time of his death debts aggregating $8,123.81, all secured by first mortgage liens upon real estate, other than the

lot contracted to Senn, and that the object of the executrix in selling the lot contracted to the latter, was to make the profit that would result therefrom and reinvest the proceeds in other real estate for the benefit of the testator's estate and the devisees of his will, as authorized by the provisions of that instrument.

Appellee filed a general demurrer to the petition, which was sustained by the court, and to which ruling appellant excepted. She declined to plead further and the court entered judgment dismissing the petition, from which judgment she has appealed.

The judgment of the circuit court was based on the theory that under Kentucky Statutes, section 2087, the creditors of C. E. Boswell had a lien for six months from his death upon the estate devised by his will as security for the payment of their debts, during which a *lis pendens* might be created against it, and that a sale of any part of the real estate could not be made within that time by the executrix, even under a power of sale conferred by the will, which would defeat the lien of the creditors; hence, appellee's intestate, Joseph Senn, by reason of his purchase of a parcel of the devised realty of appellant as executrix, was not compelled to perform the contract, nor to accept the deed she tendered him. In other words, it was that court's conclusion that as the purchase was made within six months after the testator's death and probate of his will, the title the deed would have conveyed the purchaser would have been subject to the lien given the creditors by the statute, and that the property was not, therefore, free of incumbrance as stipulated in the contract of sale.

We are not inclined to concur in the conclusion reached by the circuit court, and while the question in issue does not seem to have been passed on by us, we think it is settled by the language of the statute itself, which is as follows:

"When the heir or devisee shall alien, before suit brought, the estate descended or devised, he shall be liable for the value thereof, with legal interest from the time of alienation, to the creditors of the decedent or testator; but the estate so aliened shall not be liable to the creditors in the hands of a *bona fide* purchaser for valuable consideration, unless action is instituted within six months after the estate is devised or descended to subject the same."

We have repeatedly held that the section, *supra*, is essentially a creditor's lien statute which saves the real estate left by a testator or decedent for the protection of creditors for six months after the death of such testator or decedent, during which time it cannot be aliened or otherwise disposed of by the devisee or heir to their prejudice. Kelley v. Culver's Admrx., 116 Ky. 241; Alderson v. Alderson's Gdn., 120 Ky. 666; Elliott, etc. v. Schoville's Assignee, 114 Ky. 584. It will be found, however, that in each of these cases, and all others involving the construction of the statute, *supra*, decided in this jurisdiction, the conveyances attacked were all made by devisees or heirs at law who took the property involved by devise or inheritance and attempted to convey it in contravention of the statute. In some of these cases it was declared that a purchaser from the heir within six months, takes the place of the heir with respect to the rights of creditors of the estate. Robertson v. Hines, 154 Ky. 364; Buchanan v. Boyd, 135 Ky. 94. Indeed, so insistent is the law in its requirements that the devisee or heir at law shall take nothing from a testator's or decedent's estate, until the latter's creditors have been paid therefrom what is justly due them, that the legislature has given it further expression by the enactment of section 2088 Kentucky Statutes, which declares:

"To the extent of assets received, the representative, heir and devisee of an heir or devisee, shall be chargeable for the liabilities of their decedent or testator, respectively, to the creditors of the original decedent or testator."

The reason for holding the devisee or heir at law, and the devised or inherited estate he may receive under the lien imposed by section 2087, *supra*, is patent. He is under no bond to refund to creditors what he may have received from the estate of the testator or decedent, nor is he, in the absence of action by the creditors, subject to the direct control of the court; hence the object of the statute is to give the devised or inherited estate such a status in the hands of the devisee or heir as will save it for the payment of the debts of creditors such time as will enable them to take the necessary steps to enforce their payment.

The status of a personal representative, however, is wholly different, especially if he be the executor of a

will with the power to sell and convey real estate. It will be observed that section 2087 does not include or mention an executor, executrix or other personal representative; therefore he or she is not of the class prohibited from alienating an estate descended or devised, within the six months prescribed by the statute. So under the well known rule that where the language of a statute clearly restricts its meaning and confines its operation to a single thing or class, other things or persons of other classes not mentioned are thereby excluded, it would seem that appellant was not prevented by anything contained in the statute from making the sale of the lot in question to Senn.

In addition to what has been said, at common law the heirs and devisees took the realty by descent or devise free from the debts of the ancestor or testator. In Alderson v. Alderson, 120 Ky. 666, it is said:

"This rule obtained except where the ancestor expressly charged or bound the heirs or devisees for the payment of his debts. This common law rule was changed by statute in 1797. Since that time the heir or devisee takes by descent or devise the property of the ancestor subject to all valid claims against the ancestor's estate, taking it with all the burdens he left upon it. Lands which descend or are devised, are regarded in equity as funds for the payment of debts of the ancestor, and the heirs or devisees should be regarded in chancery as holding the same as a trust fund or property, and the chancellor may either subject the land as a trust fund or, if the land has been alienated, the chancellor may lay hold of the proceeds for the payment of the ancestor's debts or render the heir or devisee personally liable to the extent of the value of the land received. Buford v. Rawlings' Exor., 5 Dana. 283. Formerly the heir or devisee could alienate lands received at any time after the death of the ancestor and pass a good title to a bona fide purchaser for a valuable consideration, but under the present statute this cannot be done until after six months from the death of the ancestor. And the only way to prevent or defeat the creditors of the deceased from subjecting his land to the payment of their claims is by a voluntary alienation by the heir or devisee after six months from the date of the death of the ancestor. In equity and good conscience the debts of the deceased should be paid out of the estate left by him before it

should be made to pay the individual debts of the heir or devisee.''

As section 2087 Kentucky Statutes is in derogation of the common law it should not be given a strained or illiberal construction; and as it does not in language or meaning declare that an executor given power of sale by the will shall not sell devised estate free of liens of creditors until six months after the death of the testator; it is not to be regarded as preventing appellant from doing so. Moreover, the executor is a trustee for the benefit of creditors and must see to the payment of their debts; and if necessary to apply the proceeds of real estate sold, first to the payment of their debts he must do so. Harding v. Harding, 151 Ky. 398. Manifestly, the statute, *supra,* was enacted for the benefit of creditors, but to hold that it prevents a personal representative from selling real estate to pay debts for six months, would compel the creditors to wait for their debts six months. The fact that the sale of real estate attempted to be made by the executrix in this case was for reinvestment, had no effect on her right under the statute to, make it, besides the property in which she would have invested the proceeds of that sale would have been as much liable for the debts of the testator as was the property sold; and it is admitted by the appellee's demurrer to the petition that the value of the property left by the testator, exclusive of the lot sold Senn, is far greater than the amount of the debts owing by his estate. In no event could the creditors of Boswell's estate have been prejudiced by the consummation of the sale made by the executrix to Senn. If necessary she could have been made to apply the proceeds to the payment of the testator's debts or reinvest the same in other real estate which would still be subject to the debts of the creditors, to accomplish either of which ends the executrix might also have been required by the creditors to give bond with security in her executorial capacity. So we here have a case in which the executrix having a duty to perform under the will performed it, or attempted to do so, and we do not feel called upon to declare that such duty if performed would have been void, when to do so we would be compelled to read into a plain statute words which are not there. In order to hold that section 2087 Kentucky Statutes embraces the instant case we must

add to or insert in it the words "personal representatives," which properly cannot be done.

Furthermore, to hold that the executrix could not pass a good title to the purchaser of the lot in question under the circumstances in this case we must also hold that it would be the duty of the purchaser to look to the application of the purchase money which would contravene the provisions of section 4846 Kentucky Statutes providing, that:

"Where lands are devised to be sold on special or general trust, or are conveyed or devised to trustees or executors in trust to be sold generally or for any specific purpose, the purchaser shall not be bound to look to the application of the purchase money, unless so expressly required by the conveyance or devise."

In our opinion the provisions of section 2087, *supra,* furnish no excuse to the purchaser of the lot from the executrix for failing to accept the deed thereto tendered him by her or to pay the purchase money constituting the consideration for same. The New York cases relied on by counsel for appellee are based upon a statute containing certain provisions not found in ours, hence we regard the decisions in question inapplicable to our own statute, which is wholly free of ambiguity and can have no other meaning than that we have herein given it.

For the reasons indicated the judgment is reversed and cause remanded to the circuit court with directions to overrule the demurrer to the petition and for such further proceedings as may be consistent with the opinion.