## Cates v. Pentecost.

(Decided December 1, 1931.)

WORSHAM & KING for appellant.

PENTECOST & DORSEY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This record presents a contest between a creditor of the ancestor who did not file suit within six months after the descent of the land, and a mortgagee of the heir who took the security within six months after the death of the ancestor.

It arises in this way: Charles Sheffer and Emma Sheffer jointly owned two tracts of land which they had acquired on November 4, 1918. Emma Sheffer died intestate, and her half interest in the land, subject to the dower rights of her surviving husband, descended to Stewart M. Sheffer, an only child of the Sheffers. Thereafter Charles Sheffer and Stewart M. Sheffer executed a mortgage on the land to the Southern Trust Company to secure payment of a debt of $6,000 due it, which mortgage was later assigned to the Metropolitan Life Insurance Company. Charles Sheffer and Stewart Sheffer owed Maggie Cates $600, evidenced by their joint note, and Charles Sheffer owed her $120 on his own note. In this situation, on April 19, 1928, Charles Sheffer died intestate, and his whole estate descended to his son, subject to his debts. No administrator was appointed, but it appears that Stewart M. Sheffer took charge of all the property, real and personal. On October 13, 1928, and within six months after the death of his father, the sole heir at law, Stewart M. Sheffer, borrowed $1,350 from Mrs. Emma L. Pentecost, for which sum he gave his note due in twelve months, and which was secured by a second mortgage upon the land inherited from his parents. On February 4, 1930, Mrs. Pentecost instituted an action to enforce her mortgage. Shortly thereafter Maggie Cates sued Stewart M. Sheffer, his wife, and the other creditors of the estate of Charles Sheffer, to settle the estate and to subject the land to the debts of the decedent. It was alleged that the personal property left by decedent did not exceed $2,000 in value, and that the real estate was worth approximately $7,500, which was subject to the first mortgage

lien of $6,000. Priority of her debt over the second mortgage of Mrs. Pentecost was claimed upon the ground that the mortgage was given by the heir within six months after the death of the ancestor, and that the heir and his creditor took the property subject to the debts of the ancestor. The circuit court gave the mortgage of Mrs. Pentecost priority, and Maggie Cates has prosecuted an appeal.

It is argued that one who within six months after the death of the ancestor, takes a mortgage from an heir at law on real property which descended from the ancestor is not an innocent purchaser, within the purview of section 2087, Ky. Statutes, where the mortgage recites the fact that the land was derived by inheritance; that the mortgagee is chargeable with actual notice of the date of the ancestor's death, and takes the place of the heir in subordination to the creditors of the ancestor, where the mortgage is given within six months after the property descended, whether or not a creditor's suit was filed within that time. The argument proceeds upon an erroneous premise. The statute provides:

> "When the heir or devisee shall alien, before suit brought, the estate descended or devised, he shall be liable for the value thereof, with legal interest from the time of alienation, to the creditors of the decedent or testator; but the estate so aliened shall not be liable to the creditors in the hands of a bona fide purchaser for valuable consideration, unless action is instituted within six months after the estate is devised or descended to subject the same." Section 2087, Ky. Statutes.

It will be observed that the statute first provides that, when the heir or devisee shall alien the estate descended or devised, if he does so before a suit is brought, he shall be liable to creditors of the decedent or testator for the value of the part aliened, with legal interest from the time of alienation. It substitutes a personal liability of the heir or devisee for the benefit of the creditors in lieu of the land disposed of by such heir or devisee. It does not forbid a sale, but implies that one might be made. It provides a limitation upon the common-law rule. Alderson v. Alderson's Guardian, 120 Ky. 666, 87 S. W. 810, 27 Ky. Law Rep. 1067. The next provision of the statute is that the estate so aliened shall not be liable to the creditors in the hands of a bona fide purchaser

for valuable consideration, unless action to subject the same shall be instituted within six months after the estate is devised or descended. That part of the section was not intended to create a lien upon -the lands descended or devised for the payment of the ancestor's debts, but merely held the land for six months subject to the creation of a lis pendens for the security of the ancestor's creditors by the filing of an action within that time. Kelley v. Culver's Adm'r, 116 Ky. 241, 75 S. W. 272, 25 Ky. Law Rep. 443.

The statute saves for six months the real estate left by a decedent for the security of his creditors, during which period the creditors may secure liens on any and all land left by the decedent by instituting an action to subject it. Kelley v. Culver, 116 Ky. 241, 75 S. W. 272, 25 Ky. Law Rep. 443; Alderson v. Alderson, 120 Ky. 666, 87 S. W. 810, 27 Ky. Law Rep. 1067; Elliott v. Scoville, 144 Ky. 584, 139 S. W. 806; Robertson v. Hines, 154 Ky. 364, 157 S. W. 704. Compare Boswell v. Senn, 187 Ky. 473, 219 S. W. 803.

But, if no such suit is filed within six months, the land sold is not liable in the hands of a bona fide purchaser for a valuable consideration to be subjected to the payment of the ancestor's debts. Such is the very language of the statute. Buchanan v. Boyd, 135 Ky. 94, 121 S. W. 981.

The land was not in lien to the creditors of Charles Sheffer when Mrs. Pentecost obtained her mortgage, but it was then possible for the creditors to obtain a lien thereon by filing suit to subject the land at any time before the six months' period expired. But, after six months from the death of the ancestor had elapsed, the right of the creditors to obtain a lien by a simple suit was gone. There are expressions in some of the opinions, notably Alderson v. Alderson, supra, indicating a much wider scope of operation for the statute, but in each of such cases the action was filed within six months after the death of the ancestor, and the sweeping language of the opinions must be considered in the light of the record and confined to the facts to which the language was addressed.

It should be noted that this is not a case of alienation of the property, but a mere incumbrance thereof by the heir as a security for his debt. Under section 2087 of the Kentucky Statutes a bona fide purchaser is one

who buys the land in good faith and actually pays therefor. Buchanan v. Boyd, 135 Ky. 94, 121 S. W. 981. The heir is liable personally to the extent of assets received for the debts of the ancestor. Kentucky Statutes, sec. 2088. But the ancesor's creditor has no lien, and, when the heir executed a valid mortgage to secure an actual debt, the mortgagee obtained priority over creditors of the ancestor who had neglected to acquire a lien, exactly as it did over the other unsecured debts of the heir. By failing to initiate appropriate action to acquire a lien the creditors of the ancestor were remitted to the remedies remaining to them which were confined to the personal liabiliy of the heir for the debts of the ancestor to the extent of assets received. It follows that the court did not err in adjudging priority to Mrs. Pentecost under her mortgage, since a creditor's suit was not filed within six months after the ancestors death, and it becomes unnecessary to consider the other grounds urged in support of the judgment.

But appellant raises another question that requires consideration. The judgment rendered by the court was entered upon the order book, but it was not signed by the presiding judge. The land was sold pursuant to the judgment, and the sale reported to the court as ordered. Exceptions were then filed addressed to the single point that the sale was invalid because it was made under an unsigned order which afforded no authority for the subsequent proceedings. The judge first signed the judgment and then overruled the exceptions. The court could have set aside the sale (Koontz v. Butler, 238 Ky. 406, 38 S. W. (2d) 204), but when he refused to do so, and signed the judgment, it validated the prior proceedings (Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049; 58 A. L. R. 842; Shuey v. Hoffman, 224 Ky. 765, 7 S. W. (2d) 202; Shuey v. Hoffman, 235 Ky. 490, 31 S. W. (2d) 727).

The appeal from the final order brings up the whole proceedings, and, if prejudicial error had supervened, it was subject to correction here by ordering a resale under a new decree. But since the judgment was correct in fixing the relative rights of the parties it was not error to sign the original order and overrule the exceptions predicated upon that sole ground.

The judgment is affirmed.