**CHASTAIN v. McKINNEY et al.**

No. 11637.

United States Court of Appeals
Sixth Circuit.

April 17, 1953.

Harry J. Lippman, Detroit, Mich., Earl C. Opperthauser, Detroit, Mich., Edward W. Bensinger, Louisville, Ky., on brief; John G. Cross, Detroit, Mich., Raymond A. Ballard, Detroit, Mich., of counsel, for appellant.

Leo T. Wolford, Louisville, Ky., Chas. E. Keller, J. Walter Clements, and Herbert H. Monsky, Louisville, Ky., on brief for appellees.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

## PER CURIAM.

On this appeal from an order of the district court rendering summary judgment in favor of certain of the defendants and sustaining the motions of other defendants to dismiss, the main question presented is whether, under Kentucky law, the devisee under a will has the power to sell devised real estate so as to convey an indefeasible title against subsequent annulment of the will if proven to have been a forgery. The district judge held that, in such circumstances, the devisee can convey to an innocent purchaser for value, without notice, a good title to the devised property.

Section 394.130, Kentucky Revised Statutes, provides: "No will shall be received in evidence until it has been allowed and admitted to record by a county court; and its probate before such court shall be conclusive, except as to the jurisdiction of the court, until superseded, reversed or annulled."

The district judge pointed out in his succinct opinion that, in Newbern v. Leigh, Trustee, 184 N.C. 166, 113 S.E. 674, 676, 26 A.L.R. 266, a state statute similar to the foregoing statute had been construed to mean that the purchaser from the devisee without notice of the imperfections or irregularity in the will had the right to rely upon the statute irrespective of the possibility of the subsequent setting aside of the will. He quoted from the opinion, as follows: "If titles to real estate can be set aside by the attack on a will which constitutes a link in the chain of title, it would shake the very foundations of real estate titles, and the titles in which a will is a link would be always looked upon with doubt." The district judge called attention to a decision of the Court of Appeals of Kentucky, Geary v. Rumsey, 97 S.W. 400, 30 Ky. Law.Rep. 86, promulgated some sixteen years before the announcement of the opinion in the North Carolina case, wherein the Kentucky court had held that devisees of land, as well as executors with power to sell, derive such power under the will as to place their conveyance beyond defeat by any subsequent annulment of the will, and that the title given by each is indefeasible, by any subsequent procedure annulling the will. The district court also cited Kentucky Revised Statute § 395.330, relating to sales of personal property bequeathed under a will before the will is held invalid, wherein it is provided that all previous sales of personal estate made lawfully by the executor or administrator and with good faith on the part of the purchaser, and all other lawful acts done by the executor or the administrator, shall remain valid and effective.

The court quoted in its opinion from Cates v. Pentecost, 241 Ky. 310, 43 S.W.2d 1004, 1005, as follows: "It (K.R.S. 396.110) substitutes a personal liability of the heir or devisee for the benefit of the creditors in lieu of the land disposed of by such heir or devisee. It does not forbid a sale, but implies that one might be made. It provides a limitation upon the common-law rule."

We think the district court correctly entered summary judgment and sustained the motions to dismiss. We are in accord with the reasoning of the district court in disposing of the other points made by appellant which it seems unnecessary to discuss.

The judgment of the district court is affirmed.