740

David C. WHITLOCK, individually and in his (former) official capacity as Constable for the 3rd District of Jefferson County, Appellant

v.

Steve ROWLAND, individually and in his official capacity as the Chief Financial Officer of Louisville/Jefferson County Metro Government; Jane Driskell, individually and in her (former) official capacity as the Chief Financial Officer of Louisville/Jefferson County Metro Government; The Legislative Council of Louisville/Jefferson County Metro Government, individually, officially and collectively, as named herein and comprised of: Attica Scott, Barbara Shanklin, Mary C. Woolridge, David Tandy, Cheri Bryan Hamilton, David James, Ken Fleming, Tom Owen, Tina Ward–Pugh, Jim King, Kevin Kramer, Rick Blackwell, Vicki Aubrey Welch, Bob Henderson, Marianne Butler, Kelly Downard, Glen Stuckel, Jon Ackerson, Jerry Miller, Stuart Benson, Dan Johnson, Robin Engel, James Peden, Madonna Flood, David Yates and Brent Ackerson; and the Louisville/Jefferson County Metro Government,[1] Appellees

NO. 2013–CA–000681–MR

Court of Appeals of Kentucky.

RENDERED: JANUARY 9, 2015; 10:00 A.M.

---

1. For the sake of judicial economy and in the interest of clarity, we shall refer to the Appellees in this matter collectively as "Metro Government."

Briefs for appellant: Guy J. Hibbs, William Bradford Lammi, Louisville, Kentucky

Brief for appellees: N. Scott Lilly, Sarah J. Martin Assistant, Jefferson County Attorneys, Louisville, Kentucky

BEFORE: CLAYTON, COMBS, AND NICKELL, JUDGES.

*OPINION*

NICKELL, JUDGE:

David C. Whitlock has appealed from the Jefferson Circuit Court's rejection of his challenges to the validity of Louisville Metro Code of Ordinances (LMCO) Section 39.060, which purported to limit the rate of pay for Constables. Following a careful review, we reverse and remand to the Jefferson Circuit Court.

Whitlock was sworn in as a Jefferson County Constable[2] on January 1, 2007. He was reelected in 2010 and continued to serve in that capacity until he resigned between October 6, 2010, and November 27, 2012.[3] Throughout his tenure, Whitlock allegedly performed his official duties on a daily basis and utilized his own personal vehicle in the performance of those duties. Whitlock was compensated at the rate of $100.00 per month for his services and $200.00 per month for vehicle mileage reimbursement pursuant to LMCO § 39.060.

On December 21, 2011, Whitlock filed the instant suit challenging, *inter alia*, his rate of pay, and seeking a declaratory judgment, permanent injunction, back pay, and other remedies. He contended LMCO § 39.060 was invalid as it was "preempted by and in conflict with state law," more specifically, the provisions of Kentucky Revised Statutes (KRS) 64.200—creating an annual salary of $9,600.00 for Constables in counties having more than 250,000 residents—and KRS 64.210.

Following the normal course of discovery, Whitlock moved for a partial summary judgment on the issue of the validity of LMCO § 39.060. In a lengthy and detailed order entered on January 24, 2013, the trial court rejected Whitlock's assertions. In reaching its decision, the trial court noted the City of Louisville and Jefferson County merged into a consolidated local government on January 5, 2003, pursuant to KRS Chapter 67C. Based on the express language of KRS 67C.121, the trial court concluded the powers and duties of Jefferson County Constables were assigned to Metro Government, thereby evincing a legislative intent to transfer control of the office to the Metro Government. Further, after examining the reduction of duties and responsibilities of Constables since the formation of the consolidated government, the trial court concluded—bolstered by the language of KRS 67C.121 and the holding in *Roland v. Jefferson County Fiscal Court*, 599 S.W.2d 469 (Ky.App.1980)—that Metro Government had the power and authority to fix the rate of pay for its Constables. Thus, the trial court concluded LMCO § 39.060 had been validly enacted and was not preempted by, nor in conflict with, any

---

2. The office of Constable, recognized as an elected, constitutional office, is established in Section 99 of the Kentucky Constitution.

3. Although not abundantly clear from the record, it appears Whitlock's resignation came as a result of plea negotiations in a criminal prosecution in Jefferson Circuit Court styled *Commonwealth v. Whitlock*, 12–CR–00266.

applicable statutes. By separate order entered on March 5, 2013, the trial court granted Whitlock's motion to dismiss several claims asserted in his complaint based on his lack of standing, and further granted summary judgment on the remaining counts in favor of Metro Government. This appeal followed.

■ The sole issue to be decided in this appeal is whether LMCO § 39.060 conflicts with or is preempted by KRS 64.200. This presents a question of law which we review *de novo* and without deference to the trial court's interpretation of the law. *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth Trans. Cabinet,* 983 S.W.2d 488, 490 (Ky.1998). We begin our analysis with a recitation of the pertinent statutes and ordinances necessary for a proper adjudication. KRS 64.200(1) specifies the standard salary for Constables as follows:

> In counties containing a population of over 250,000, for the performance of the duties of his office, each constable shall be exclusively compensated by a salary of nine thousand six hundred dollars ($9,600) per annum to be paid in equal monthly installments out of the county treasury.

KRS 64.210 permits additional compensation under certain circumstances.

> Fiscal courts of counties containing a city of the first class shall authorize the payment of two hundred dollars ($200) per month out of the county treasury to constables and deputy constables using their own automobile in the performance of their official duties.

It is undisputed that Jefferson County has at all pertinent times had in excess of 250,000 residents. It is also undisputed that Louisville is a city of the first class. *See* KRS 81.010.

In contrast to the prior statutory provisions, LMCO § 39.060 provides, in pertinent part:

> (A) Each elected Jefferson County constable who desires any payment pursuant to KRS 64.210 for the use of his or her personal automobile in the performance of his or her official duties under any statute of the Commonwealth of Kentucky shall present to the Chief Financial Officer, or his or her designee (hereinafter the "CFO") for each month in which the constable seeks payment, on forms prescribed by the CFO, all of the following:

> . . . .

> (3) A completed mileage reimbursement form for the month during which payment is claimed. Upon completion and certification of the mileage reimbursement form, each Constable shall be paid at the rate established in the current Metro Government policies with regard to vehicle mileage reimbursement not to exceed $200 per month.

> . . . .

> (B) By the tenth day of each month, each elected Jefferson County Constable shall also present to the CFO, on a form prescribed by the CFO a sworn statement itemizing the hours actually expended in the prior month in carrying out his or her official duties under any statute of the Commonwealth of Kentucky. In addition to the hours actually expended, the monthly sworn statement shall describe the official duties performed by each Constable during the prior month. Upon receipt of such sworn statement, the CFO shall pay each Constable at an hourly rate, equivalent to the hourly rate as defined in the classification and compensation system paid by Metro Government for part time employees, not to exceed $100 per

month, for official duties performed under any statute of the Commonwealth of Kentucky as described in the sworn statement. Payment for any month shall not be made until the reports required by this section have been received by the CFO. Payment shall also be conditioned on the receipt by the CFO of each of the following:

(1) Copies of each monthly report required by the Constable pursuant to KRS 70.430, which copies are stamped as received or filed by the Jefferson County Clerk; and

(2) An accounting for, and receipt of all funds received by the Constable pursuant to KRS 64.200(3) for such periods and on forms prescribed by the CFO.

Constables in counties having a population greater than 250,000 are required by KRS 64.200(3) and KRS 70.430 to prepare and file monthly reports detailing the official activities undertaken in the preceding month. Metro Government expressly conditions payment to its Constables upon receipt of such reports.

It is undisputed that the rates of pay for Constables delineated in KRS 64.200 and LMCO § 39.060 are markedly different. Were we to look only to those two provisions in a vacuum, the latter would clearly be forced to give way. However, because Metro Government is a consolidated local government, the inquiry proceeds and we must look to the provisions of KRS Chapter 67C for additional guidance and insight.

KRS Chapter 67C represents a comprehensive body of legislation concerning the restructuring and consolidation of local government in counties containing a city of the first class. It was under this comprehensive scheme that the City of Louisville and Jefferson County merged to become Metro Government in 2003. Pertinent to this appeal, KRS 67C.121 discusses the powers and duties of certain constitutional officers following the merger of local governmental units. That section provides as follows:

(1) All offices provided for in Sections 99 and 144 of the Constitution of Kentucky shall remain in existence upon the consolidation of a city of the first class with its county. However, all existing powers and duties of these offices shall be assigned to the consolidated local government.

(2) Nothing in KRS 67C.101 to 67C.137 shall alter or affect the election or term of any county court clerk, county attorney, sheriff, jailer, coroner, surveyor, or assessor. Nor shall any provision of KRS 67C.101 to 67C.137 be construed to alter or affect the powers, duties, or responsibilities of these officers as prescribed by the Constitution and laws of the Commonwealth of Kentucky. Any funding responsibilities or oversight of any constitutional officers or their employees previously exercised by the county, which shall include the approval of the annual budget of the sheriff's and the county clerk's offices, shall be transferred to the consolidated local government.

■ Clearly, under the express language of KRS 67C.121(1), the powers and duties of County Constitutional officers were transferred to Metro Government upon its formation. While KRS 67C.121(2) exempts certain officials from the operation of the previous subsection, leaving their powers, duties and responsibilities intact and unaffected, notably absent from the list is the office of Constable. Had the General Assembly intended to exempt Constables from the control of Metro Government they would have said so. It is axiomatic "that, where the language of a statute clearly restricts its meaning and

confines its operation to a single thing or class, other things or persons of other classes not mentioned are thereby excluded...." *Boswell's Ex'x v. Senn's Adm'r,* 187 Ky. 473, 219 S.W. 803, 805 (1920). Thus, the intent of the General Assembly was to transfer control of the office of Constable to the Metro Government. The question then becomes whether the transfer of such powers and duties includes the ability to set salaries for Constables at a different amount than that set forth in KRS 64.200. We believe it does not.

■ "We have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves,* 662 S.W.2d 832, 834 (Ky.1984) (citing *Department of Revenue v. Greyhound Corp.,* 321 S.W.2d 60 (Ky.1959)). "A legislature making no exceptions to the positive terms of a statute is presumed to have intended to make none." *Id.* at 834 (quoting *Commonwealth v. Boarman,* 610 S.W.2d 922, 924 (Ky.App.1980)). "It is to be presumed ... that the legislature is acquainted with the law, that it has knowledge of the state of the law on subjects on which it legislates, and that it is informed of previous legislation and the construction that previous legislation has received." *Boarman,* at 924.

In the present case, KRS 67C.121 makes no mention of compensation for Constables. The language of the statute is not ambiguous and it does not require interpretation. "If the language is clear and unambiguous and if applying the plain meaning of the words would not lead to an absurd result, further interpretation is unwarranted." *Gilbert v. Commonwealth, Cabinet for Health and Family Services,* 291 S.W.3d 712, 716 (Ky.App.2008). Although we may believe it would be reasonable to permit Metro Government to determine the salary for one serving in an office

under its control, the legislature chose not to explicitly state that in relation to Constables.

"It is presumed that the Legislature was cognizant of preexisting statutes at the time it enacted a later statute on the same subject matter." *Shewmaker v. Commonwealth,* 30 S.W.3d 807, 809 (Ky.App.2000) (internal citation omitted). "Courts will also presume that where the Legislature intended a subsequent act to repeal a former one, it will so express itself as to leave no doubt as to its purpose." *Id.* Indeed, it is an elementary rule of statutory construction that repeal of all or part of an existing statute by implication is disfavored. *Tipton v. Brown,* 277 Ky. 625, 126 S.W.2d 1067, 1071 (1939). As noted by Kentucky's highest Court:

[t]his universal rule means that the courts will construe the acts if possible so that both shall be operative and effective if that can be done without contradiction or absurdity. If any part of the existing law can be reconciled or harmonized with the provisions of the new act it will not be deemed as having been repealed.

*Id.* (quoting *Schultz v. Ohio County,* 226 Ky. 633, 11 S.W.2d 702, 704 (1928)).

Last amended in 1974, KRS 64.200 has been in existence without challenge for many decades. It has not been repealed and remains good law. The sweeping statutory changes effected by KRS Chapter 67C could clearly have allowed for the consolidated government to adjust salaries as was deemed necessary but did not. Although we applaud the trial court's valiant effort to ascertain the legislative intent relative to Constable salaries based on their exclusion from the list of offices whose powers were reconveyed to them by KRS 67C.121, we believe the Legislature's failure to include any mention of the statutory salary provision of KRS 64.200 is fatal

to enactment of LMCO § 39.060. To hold otherwise would do violence to statutory provisions that can easily be harmonized. That we are loath to do. Under the present state of the law, KRS 64.200 and 67C.121 stand independent of one another and each may be given effect without harming the letter or spirit of the other. Thus, we must reverse and remand this matter to the Jefferson Circuit Court for further proceedings consistent with this Opinion.

In the interest of judicial economy, we believe it important to make a brief comment on an alternative argument advanced by Metro Government. Before this Court, Metro Government strenuously contends Whitlock is not entitled to compensation because he has failed to fully perform his public duties or comply with the statutory reporting requirements of KRS 70.430. However, our review of the record reveals the trial court has not passed on this matter. Thus, we do not believe the issue is properly before us and we cannot comment on the merits of the assertion. Nonetheless, because the issue is likely to be litigated on remand, we find it pertinent to note Metro Government is correct in its position that Section 3 of the Kentucky Constitution prohibits payment from the public treasury in the absence of actual public service. The applicability of this prohibition will necessarily depend upon whether the matter is raised and the proof adduced on remand.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed and the case is remanded for further proceedings consistent with this Opinion.

ALL CONCUR.